# The Chicago and Northwestern Railway Company

*v.*

## Gerald F. Gillison.

*Opinion filed April 21, 1898—Rehearing denied June 10, 1898.*

1. PRACTICE—*plaintiff may demur to plea of Statute of Limitations perfect in form.* Plaintiff may demur to a plea of the Statute of Limitations, perfect in form, interposed to an amended count filed in an action for negligence more than two years after the injury; and if the amended count merely re-states the same cause of action set up in the original declaration filed in time, it is the proper practice to sustain the demurrer.

2. MASTER AND SERVANT—*servant does not assume extraordinary risks.* A servant does not, by virtue of his employment, assume risks not ordinarily connected with the service or which are due to the master's failure to exercise reasonable care and prudence.

3. SAME—*brakeman is not presumed to have assumed risk of defective draw-bars.* Perils arising from unsafe and defective draw-bars on cars are not such risks as will be deemed assumed by a railroad brakeman from the mere fact of his employment, and in the absence of any evidence in that regard. (*Chicago and Northwestern Railroad Co.* v. *Ward*, 61 Ill. 130, distinguished.)

4. SAME—*servant may recover if injury is by combined negligence of master and a fellow-servant.* Where an injury to a servant would not have happened but for the master's negligence, the fact that the negligence of a fellow-servant contributed to the injury does not release the master from liability.

5. SAME—*presumption will not be indulged to excuse master's failure to inspect appliances.* The failure of a railroad company to discover the defective condition of a draw-bar which was cracked will not be

excused, in the absence of any evidence that the situation was such that the defect was not discoverable by inspection, or of anything tending to relieve the company from its duty in that respect.

6. SAME—*when brakeman may recover for injury caused by defective draw-bar.* A railroad brakeman who, on discovering that his train has broken in two, signals the engineer to go ahead and boards the rear section to set brakes, in obedience to the company's rules, and who is knocked from the train by a collision between the two sections, may recover from the company where the cause of the break is a defect in a draw-bar which might have been discovered by inspection, even though his fellow-servant, the engineer, contributed to the injury by stopping the forward section.

7. EVIDENCE—*when lapse of time does not render evidence of cause of injury incompetent.* The lapse of two hours between the breaking in two of a train and an examination of the broken draw-bar by a witness does not render incompetent his testimony that he found the coupling, where the break occurred, all right but that the draw-bar was broken off, the upper half of the break being bright and fresh and the lower half old and rusty.

8. VARIANCE—*objection of variance must be raised below.* An objection of variance between the allegation and proof, to be preserved for review as a question of law, must be presented in such way in the trial court, that a ruling may be obtained thereon.

*Chicago and N. W. Ry. Co.* v. *Gillison,* 72 Ill. App. 207, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

E. E. OSBORN, (A. W. PULVER, and LLOYD W. BOWERS, of counsel,) for appellant:

A servant, when he engages in a particular employment, is presumed to have done so with a knowledge of and taking the risk of its ordinary hazards, whether from the carelessness of fellow-servants in the same line of employment, or from latent defects or ordinary dangers in the use of machinery and appliances used in the business. *Richardson* v. *Cooper,* 88 Ill. 270.

A switchman and car-coupler, whose business it is to handle bad-order cars, takes the risk due to their lack of repair. *Railroad Co.* v. *Ward,* 61 Ill. 130.

A brakeman assumes the risk of injury from cars loaded with timber projecting beyond the ends. *Railroad Co.* v. *Deardorff*, 14 Ill. App. 401.

A switchman assumes the risk due to unblocked frogs. *Railroad Co.* v. *Morrissy*, 45 Ill. App. 127.

A brakeman assumes the danger due to the ballast between the rails being higher at the center than at the edges. *Railroad Co.* v. *Alsdurf*, 47 Ill. App. 200.

A switchman assumes the risk of injury from coupling devices of a different height. *Murphy* v. *Railroad Co.* 67 Ill. App. 528.

A brakeman assumes the risk of injury due to the sudden jerk of the train upon which he is riding. *Railroad Co.* v. *Sims*, 80 Ga. 749.

A brakeman familiar with the road, and the location of its sidings and their use, assumes the risk of injury from a car placed upon a siding close enough to the main track to hit him while upon the side of a passing train. *Vining* v. *Railroad Co.* (Mass.) 46 N. E. Rep. 117.

A railroad company is not liable for an injury occasioned to a brakeman on one of its trains caused by the carelessness of the engineer on the same train. *Railroad Co.* v. *Keen*, 72 Ill. 512; *Railroad Co.* v. *Britz*, id. 256.

The engineer, the forward brakeman and the fireman of a train are fellow-servants. *Railroad Co.* v. *Brandau*, 65 Ill. App. 150.

If the break of machinery or tools was because of a defect therein, to charge the master with negligence it must be shown that he either knew or ought to have known of the weakness which caused the accident. *Myers* v. *Barge Co.* 64 Ill. App. 189.

James B. McCracken, and Albert M. Cross, for appellee:

It is incumbent on the defendant to indicate and point out in what the variance claimed consisted, so as to enable the court to pass upon the question intelligently,

and also enable the plaintiff so to amend the pleadings as to make the same conform to the evidence, and thus avoid defeat upon a point in no way involving the merits of the claim. *Harris* v. *Shebek*, 151 Ill. 292; *Railway Co.* v. *Ward*, 135 id. 516.

When evidence is competent for any purpose it can not be excluded, but must be received, and if it is competent only for one purpose, the other party will be entitled, by instructions, to have it limited to the purpose for which it is proper. *Jamison* v. *People*, 145 Ill. 357.

A railroad company is bound to inspect the cars coming on its road belonging to another company, just as it is to inspect its own cars. It is its duty, as master, to do this, and it may be responsible for the consequences of defects visible by careful inspection, and should either remedy such defects or refuse to receive such cars. Buswell on Personal Injuries, sec. 197, p. 323.

Where the negligence of the master is combined with the negligence of a fellow-servant in producing the injurious result, and neither is the efficient cause alone, the master as well as the fellow-servant is liable. *Pullman Car Co.* v. *Laack*, 143 Ill. 259.

Mr. Justice Cartwright delivered the opinion of the court:

The Appellate Court affirmed a judgment against appellant, in favor of appellee, for damages resulting from the loss of his leg while in the service of appellant as a brakeman on its freight train, at its station at Rochelle, Illinois, on the night of May 23, 1894.

More than two years after the injury to plaintiff he filed, by leave of court, an additional count to his declaration, and defendant interposed a plea of the Statute of Limitations to that count. To the plea so filed plaintiff demurred and the demurrer was sustained. The additional count set up no new cause of action, but alleged the same relation of master and servant between the par-

ties, the same neglect of duty and consequent injury, as in the original declaration filed within the two years. We do not understand it to be claimed that the additional count was anything but a re-statement of the same cause of action and in substantially the same way, but it is claimed that the practice of sustaining a demurrer to a plea of the Statute of Limitations which is perfect in form and without defect is improper, and that the plea called for a replication. It is a sufficient answer to the argument that the established practice in this State is that which was pursued in this case, and if, upon a comparison of the original and amended declarations, it is found that they are different modes of stating the same matter, a demurrer will be properly sustained. *North Chicago Rolling Mill Co.* v. *Monka,* 107 Ill. 340; *Eylenfeldt* v. *Illinois Steel Co.* 165 id. 185.

At the close of the evidence for plaintiff, defendant interposed a motion to direct a verdict for defendant, and the motion to direct a verdict was renewed after the close of all the evidence. In each instance it was denied, and this is alleged as error, on the grounds that the evidence showed that the injury resulted from a risk assumed by plaintiff when engaging in the employment; that the injury was due to the negligence of his fellow-servant, the engineer; that there was no opportunity for inspection of the defective draw-bar, which was alleged as the cause of the injury, and that there was a variance between the allegations and proof.

The freight train on which plaintiff was working came into the station at Rochelle from the west about ten o'clock at night. He was the head brakeman, E. A. Mahlman was rear brakeman and Van Black was engineer. In order to take on two cars from the side-track, the engine, with seven cars, was cut off from the train and backed into the side-track and coupled to six cars standing there, the first two of which were gondola cars loaded with stone. The engine then moved up toward the main track

with the thirteen cars, and as they were passing plaintiff, who stood on the ground to let the cars pass and turn the switch, he saw that the train had broken in two between the two gondola cars, and they were some distance apart with the rear portion following the front on a down grade.   The rules of defendant require its employees, in such case, to make every effort to stop the rear section and to get the head section out of the way so as to avoid a collision.   Plaintiff, in accordance with his duty, notified the rear brakeman, and testified that he gave the engineer a signal with his lantern that the train was broken in two, followed by a signal to go ahead, when it became the duty of the engineer to do his utmost to keep the forward part out of the way.   The plaintiff then climbed on the second car of the rear portion and set one brake and had started to set another when a collision between the two sections occurred, and he was thrown off the car under the wheels, and the car was pushed forward over him, causing the injury.   The separation of the different parts of the train was due to the breaking of a draft-iron.   This was a hollow iron about six inches square, and the break was bright and fresh on the upper half while the lower half was rusty, showing that there was an old break and crack in that half of the bar.

It is argued that the breaking apart of the train was one of the ordinary hazards of plaintiff's employment which he took upon himself, and one of the natural perils incident to the performance of his service.   If the injury arose from a hazard incident to the employment of a brakeman upon a freight train as it was ordinarily carried on, plaintiff could not complain; but the perils of an unsafe and defective draw-bar, which caused this injury, are not shown by any evidence to have been a usual or customary hazard on defendant's cars or trains.   Plaintiff did not assume risks which were not ordinarily connected with the service, and which were due to a failure of defendant to exercise reasonable care and prudence.   So

far as appears, he had no reason to suspect a danger of that kind when engaging in the employment; and the situation is entirely different from that of the employee in the case of *Chicago and Northwestern Railroad Co.* v. *Ward,* 61 Ill. 130, where he was employed to handle cars that were in bad order and unfit for use; and the risk belongs to a different class from that which caused the injury in *Ryan* v. *Armour,* 166 Ill. 568, which arose out of the use of appliances, without fault of the master.

If the injury to plaintiff was, in any respect, due to mismanagement of his fellow-servant, the engineer, in handling the front part of the train, that fact would not relieve defendant from liability. The injury could not have happened but for the defective draw-bar and the breaking in two of the train, and in such a case there would only be the concurring negligence of the defendant and the engineer. Being injured by such concurrent negligence, plaintiff could recover for his injury from defendant. Cooley on Torts, 560; *Pullman Palace Car Co.* v. *Laack,* 143 Ill. 242.

It is claimed that there was no opportunity for inspection by defendant of the cars. But there is no evidence that the situation was such as to excuse the failure to examine and discover and remedy the defect. The only evidence is, that the cars were in the possession of defendant and standing on its side-track. It does not appear that the crack and broken condition were not discoverable by inspection, and there is nothing apparent to exempt defendant from the discharge of the usual and ordinary duty in that respect.

The variance claimed between the declaration and proof is, that the declaration alleged the breaking of the train in two while starting, and the evidence showed that it broke after it started. If that variance was material it should have been called to the attention of the trial court; but this was not done, either by objection to evidence when offered, or by motion to exclude it when

the variance became apparent, or in any other way. It was not a ground of the motion to direct a verdict for defendant. Such an objection, when raised as a question of law in this court, must be presented in some way to the trial court, so that there may be a ruling upon it which this court can pass upon. *Libby, McNeill & Libby* v. *Scherman*, 146 Ill. 540; *Harris* v. *Shebek*, 151 id. 287.

It is objected that the evidence as to the condition of the draw-bar above referred to was incompetent and improperly admitted. It consisted of testimony of the rear brakeman, Mahlman, as to the condition of the draw-bar two hours after the collision. He examined the draw-bar and coupling where the train parted, and found that they were coupled and all right with the exception of this break, so that it was proved beyond all doubt to be the cause of the separation of the train; and the condition that he testified to as to rust was one that could not arise in the interim of two hours after the accident. It is matter of common knowledge that it would require considerable lapse of time to produce such a condition, and the rust on the lower half must have existed at the time the train parted. The fact to be proved was the condition of the draw-bar at the time of the accident, but this evidence showed that the condition existed at that time, and could not have been produced between the time of the accident and the examination. The evidence was competent. *City of Bloomington* v. *Osterle*, 139 Ill. 120; *Chicago, Peoria and St. Louis Railway Co.* v. *Lewis*, 145 id. 67.

Objection is made to the modification by the court of the tenth and twelfth instructions presented by defendant, relating to the question of fellow-servants. But that question was immaterial, and the modification did the defendant no harm.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*