UNION PACIFIC RAILROAD COMPANY ET AL. V. LILLIE EDMONDSON, ADMINISTRATRIX.

FILED DECEMBER 7, 1906. No. 14,307.

1. Master and Servant: INJURY: EVIDENCE. In an action for damages caused by alleged defects in defendant's machinery, evidence of the same defective condition immediately before and after the accident complained of is admissible for the purpose of proving the condition of the machinery, and, as to its prior condition, for the additional purpose of showing knowledge on the part of the defendant.

2. Evidence: DECLARATIONS. In an action for the negligent killing of an employee by a railroad company, alleged as the result of a defective condition in the engine, evidence of a declaration of the engineer in charge regarding such defective condition, made at the time, and under such circumstances as to raise the presumption that it was an unpremeditated and spontaneous explanation of the casualty, is admissible as a part of the *res gestæ*.

3. Appeal: RECORD. To obtain a review of the rulings of the district court on objections to alleged misconduct of counsel in addressing the jury, the record must show, not only that objections were made, but the matter objected to, and the rulings of the court thereon.

4. Trial: WITHDRAWING REST. The district court may permit a party to withdraw his rest and introduce additional evidence, when it appears that the same is required in the furtherance of justice, and no undue advantage is thereby acquired over the adverse party.

ERROR to the district court for Platte county: CONRAD HOLLENBECK and JAMES G. REEDER, JUDGES. *Affirmed.*

*John N. Baldwin* and *Edson Rich,* for plaintiffs in error.

*John J. Sullivan, contra.*

EPPERSON, C.

Cameron Edmondson, a brakeman in the employ of the defendant company, was thrown from the top of a freight car by the sudden stopping or slacking of the train on which he was employed, and was instantly killed beneath the car. The administratrix of his estate brought this action to recover damages, alleging that the death was the result of defendant's negligence in maintaining a defective air pump and apparatus attached to the engine in control of the train. It was further alleged that defendant Herod was in the employ of his codefendant, and that it was his duty to see that the engine was kept in good order and was safe and fit for use. The undisputed evidence shows the following facts: At the time of the accident the train was engaged in switching at Spalding, in this state. In the course of the switching, the deceased, as his duty required, gave a signal for a service or gradual stop. In response, the engineer properly adjusted the lever. There was a change in the motion of the train, and the deceased, who was standing near the rear end of the last car, in a train of about 11 cars, was thrown to the ground and killed. Plaintiff's theory is that, on account of the defective condition of the machinery, the train, instead of coming to a service stop, came to an emergency or sudden stop, which was the proximate cause of Edmondson's death. Plaintiff recovered $3,000 in the court below, and defendants bring error.

Defendants contend that the court erred in admitting evidence of the defective condition of the engine, from three to six days subsequent to the injury, arguing that such evidence was not proper for the purpose of showing negligence on the part of the defendants. The evidence

was given by a former employee of the defendant company and is as follows: "Q. Do you remember the occasion while you were in the employ of the Union Pacific Railroad Company, that engineer Dolan started out with his engine, and after having gone some distance on his trip he returned with the engine to the roundhouse, and leaving it there for repairs and taking out another engine to complete his run? A. I remember of his bringing the engine back to the roundhouse shortly after the accident in which Mr. Edmondson was killed." So far this testimony only shows that the engine was taken from the roundhouse and returned. Reasons for its return are not apparent. The evidence was, without more, immaterial but was not prejudicial. Continuing, this witness gave testimony, objected to, in substance as follows: "I don't know much about the air, but I know it was out of repair quite often. Q. Do you know it was ever reported for repairs? A. Not positively. Of course I saw some reports * * * I noticed once he (the engineer) made a report for the air pump to be fixed. * * * That was shortly after Mr. Edmondson was killed. * * * It might have been three days afterwards, and it might have been six." It is a rule lately followed in most courts where this question has been considered that evidence of subsequent repairs to machinery alleged to have caused an injury is incompetent as proof that the defendant was guilty of negligence. *Columbia & P. S. R. Co. v. Hawthorne*, 144 U. S. 202; 1 Wigmore, Evidence, sec. 283; 1 Elliott, Evidence, sec. 186; *Morse v. Minneapolis & St. L. R. Co.*, 30 Minn. 465. The evidence was, however, proper for the purpose of showing the defective condition of the machinery. It was incumbent upon the plaintiff to show the dangerous condition of the machinery, the defendants' knowledge thereof, and their negligence in maintaining the same. In 2 Labatt, Master and Servant, sec. 820, it is said, in part: "But a more logical theory is embodied in the statement that, in an action by an employee against an employer for an injury caused by a defect in the plant, it is

not necessary to adduce evidence of the condition of the plant at the precise moment the casualty occurred, and that it is enough to prove such a state of facts shortly before or after the casualty as will induce a reasonable presumption that the condition was unchanged."

Defendants also except to evidence showing that within 30 days prior to the accident the apparatus in question failed to respond properly and that its defective operation was the same as at the time of the accident. The same rule applies to this testimony as to the evidence regarding the subsequent condition of the machinery, and it is admissible for the additional purpose of showing knowledge on the part of the defendants. In *Brewing Co. v. Bauer,* 50 Ohio St. 560, it was held: "In an action by an employee against his employer for damages resulting from an injury received in operating a machine caused by its defective construction, the defects being charged to the negligence of the employer, it is competent to prove that, on a former occasion, while it was being operated by another, the machine worked in a manner similar to when the plaintiff was injured. But such evidence is only competent to prove the defective character of the machine and the employer's knowledge of the fact; it is not competent to prove actionable negligence on the part of the employer at the time the plaintiff was injured." Being competent for one purpose, its admission over a general objection was proper. The defendant failed to ask for an instruction limiting the consideration of this evidence by the jury and may not now complain that it was admitted without qualification. 1 Elliott, Evidence sec. 151.

During the trial plaintiff called several witnesses who testified that at the time of the accident and when the dead body of Edmondson was discovered by the engineer in charge of the train, he said: "My God! There must be something the matter with the air. It has bothered me ever since I left Genoa." Defendants objected to this evidence, and now contend that its admission was reversible error. The engineer had been in charge of the

train from Genoa to Spalding, the place of the accident. He was in control of the engine, though not personally operating it, when Edmondson was killed. He was in the line of his duty when he made the statement. Defendants contend that the statement, if made, was only the conjecture of the engineer as to a possible cause of the accident and for that reason was not admissible as a part of the *res gestæ*. The exclamation, in our opinion, was a statement of a fact, or a declaration made under such circumstances as to raise the presumption that it was the unpremeditated and spontaneous explanation of the fatal accident. Being such it was a part of the *res gestæ* under the rule often followed by this court. *Union P. R. Co. v. Elliott,* 54 Neb. 299; *Missouri P. R. Co. v. Baier,* 37 Neb. 235; *Collins v. State,* 46 Neb. 38; *City of Friend v. Burleigh,* 53 Neb. 674. The testimony objected to being proper, we reach the conclusion that the verdict was sustained by sufficient evidence. Defendants present no theory of the accident, and the inference deducible from the evidence is consistent with plaintiff's theory.

Defendants contend that a new trial should be granted on account of alleged misconduct of plaintiff's counsel. During the cross-examination of one of the defendants' witnesses, the engineer, plaintiff's counsel asked: "Before the man was cold, before the blood stopped flowing, you directed Speice to hunt up evidence, didn't you?" The only objection interposed was that it was incompetent, irrelevant and immaterial. The question was not answered. Then followed: "Was the man's body cold before you directed Speice to look around for evidence?" This was objected to as "incompetent, irrelevant and immaterial, and asked for the purpose of prejudicing the jury." This objection was overruled. We do not think this question would necessarily prejudice the defendants in the minds of the jurors. This, however, seems to have been the object of counsel and such conduct might well have been reprimanded by the court. The facts brought out might have affected the credibility of the witness as

showing his interest. Such purpose of the query would be legitimate. It seems to us that the question was not so plainly prejudicial as to require reversal of the judgment.

During the argument of the case to the jury by plaintiff's counsel, certain statements were objected to by defendants as improper. To some of the objections no ruling was made by the court, but counsel was told to confine his argument to the evidence. No definite ruling was asked for by the defendants, nor did they request an instruction directing the jury to disregard the remarks of counsel. The prejudicial statements do not appear in the record. Not only should the record show the objections made, but also the matter objected to, and the rulings of the court thereon. In the case of *Chicago, B. & Q. R. Co. v. Kellogg,* 54 Neb. 134, this court, after citing many prior decisions pertaining to the conduct of attorneys in the argument of cases to the jury, said: "These cases establish the further proposition that the defeated party in a litigation, in order to take advantage of the alleged misconduct of opposing counsel, must call the attention of the trial court to such misconduct at the time it occurs, ask the trial court for protection therefrom, preserve in a bill of exceptions the alleged misconduct of counsel, with the rulings of the trial court and the party's exceptions thereto, and present the record of what occurred and the rulings of the trial court as an assignment of error in the proceedings brought here." In the case at bar the record only shows the objections made. This is insufficient to show that the statements appearing in the objection were in fact made by counsel. Neither can we conclude that the district court erred in the matter, as his rulings do not appear of record, nor did the defendants insist upon a ruling. In *Chicago, B. & Q. R. Co. v. Krayenbuhl,* 70 Neb. 766, it was held: "Alleged misconduct of counsel in addressing the jury must be objected to when the language is used, and a ruling of the trial court procured on such objection and

an exception saved to the ruling to make the objection available in this court."

After plaintiff rested her case, defendants asked for a directed verdict. This request was denied. The court thereupon permitted plaintiff to withdraw her rest and introduce proof showing the administrative capacity of the plaintiff. It is established as a rule of practice in this state that the trial court may permit a party to withdraw his rest and introduce additional evidence, when the same is required in the furtherance of justice, and no undue advantage is thereby acquired over the adverse party. *Tomer v. Densmore,* 8 Neb. 384; *McClellan v. Hein,* 56 Neb. 600; *Fremont, E. & M. V. R. Co. v. Crum,* 30 Neb. 70. The action of the trial court in permitting additional testimony to be introduced was not an abuse of discretion.

We find no error in the record, and recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.