**John Jarck, Appellee, v. Featherstone Foundry & Machine Company, Appellant.**

### Gen. No. 15,061.

NEGLIGENCE—*what tends to establish defect.* Testimony by a witness that he picked up the broken pieces of a link in a chain at the time of the accident and saw where it was broken and that on one side of the link there was an old and rusty break, is evidence tending to show both that the chain was defective and that the master knew or should have known of such defect.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed April 18, 1910.

E. E. GRAY, F. J. CANTY and J. C. M. CLOW, for appellant.

ROYAL W. IRWIN and FRANK W. KORALESKI, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action on the case for personal injuries the plaintiff had judgment for $2,500 and the defendant appealed. Defendant had at Chicago a foundry, in which was a jib crane used to lift castings out of the flasks and also to overturn heavy flasks from which the castings had been removed, so as to dump the sand from the flasks on to the moulders' floor. The crane was operated at night by hand. To overturn a flask a chain from the outer end of the jib or boom of the crane was hooked to one end of a flask, and by means of a windlass and crank operated by two men, the outer end of the jib or boom was raised and the flask thereby overturned. Plaintiff was a laborer in the services of the defendant, and worked nights. He had from time to time for several months assisted in operating the crane. He was injured about ten o'clock at night. He with another man was engaged in overturning a flask filled with sand, weighing 2,500 pounds or more. While he and the other man were turning the crank of the windlass to raise the jib or boom, the chain by which the end of the flask was attached to the outer end of the jib or boom broke, the crank was thrown off the end of the windlass and thereby plaintiff lost his balance and involuntarily threw some of the fingers of his right hand into the gear wheels nearby, whereby they were so injured that it was necessary to amputate three of his fingers.

The negligence alleged in the declaration is that the defendant "carelessly and negligently furnished, provided and maintained said derrick in a dangerous, unfit, unsafe and improper condition, and carelessly and negligently furnished, provided and maintained for plaintiff's use in connection with said derrick, divers chains, cables and ropes which were worn out, weak, broken, unsafe and insufficient, of all of which the defendant had notice, or by the exercise of ordinary care on its behalf could have had notice, and of which the plaintiff did not have notice", so that by means thereof, while using the same in exercise of ordinary

care for his own safety, the same broke and plaintiff's hand was thereby caught in the gearing of said machine and his fingers cut off.

We do not regard it as material whether the chain which broke was brought to plaintiff by his foreman on the night of the accident with a direction to use it in raising heavy flasks, as plaintiff contended, or was taken by plaintiff from a place where chains to be used for such work were kept, as defendant contended. In either case it was a chain provided by defendant for the use in which it was employed by plaintiff when he was injured, and the defendant owed to plaintiff the duty to use reasonable care to see that the chain was reasonably fit and suitable for the use and purpose for which it was provided. In either case the jury might properly find from the evidence that the plaintiff was ignorant of any defect in the chain and was in the exercise of reasonable care for his own safety.

The chain which broke was made of ⅝ iron, the links four to six inches long. The only testimony as to the manner of the break was that of Busek, a witness called by plaintiff, who testified that he was at work in the same room, heard plaintiff cry out, went to him, picked him up and then saw the chain and took it in his hand. He testified that the link was in two pieces, broken across both sides of the link; "one side of it was a fresh break, the other old and rusted.  *  *  * On top it was cracked and rusted and down in the inside it was a fresh break." Busek further testified that he left the broken pieces of the link on the floor of the foundry, but defendant apparently made no effort to preserve them and they were not produced by defendant or accounted for on the trial. In Momence Stone Co. v. Grover, 197 Ill. 88, the plaintiff, a servant of the defendant, was injured by reason of the breaking of an iron hook used by defendant to attach cars to a cable, and it was held that testimony by a witness that he picked up the broken pieces of the hook at the

time of the accident and saw where it was broken, and that the break was old and rusty, was evidence tending to show both that the hook was defective and that the defendant knew or should have known of the defect. See, also, C. & N. W. Ry. Co. v. Gillison, 173 Ill. 264.

The distinction between this case and Sack v. Dolese, 137 Ill. 129, where the accident occurred by reason of the breaking of a brake chain, is, that in that case there was no evidence that there was any defect in the brake chain, and here the evidence showed a visible crack or break in the chain. We think that on the evidence in this record the jury might properly find the defendant guilty of the negligence alleged in the declaration, and the judgment of the Superior Court is affirmed.

*Affirmed.*