## 46735.   SEABOARD COAST LINE RAILROAD COMPANY v. THOMAS.

ARGUED JANUARY 5, 1972—DECIDED FEBRUARY 24, 1972—
REHEARING DENIED MARCH 17, 1972—

*Larry E. Pedrick, Wilson G. Pedrick,* for appellant.

*Benjamin Smith, Jr., Leon A. Wilson, II, Floyd E. Thomas, S. Foster Memory, Jr.,* for appellee.

DEEN, Judge. ■ The defendant complains that the court refused its requested charge: "There rested upon plaintiff a duty to exercise ordinary care for his own safety, being just such care as an ordinarily prudent person would exercise under the same or similar circumstances. Failure to exercise ordinary care for his own safety would constitute negli-

gence." This is of course a standard instruction in an ordinary negligence action. The court charge that common carriers are liable to their employees for injury resulting in whole or in part from the negligence of the defendant; that contributory negligence of the employee will not bar recovery but will proportionately diminish the damages; that the employee does not assume the risk of his employment where injury results in whole or in part from the negligence of the defendant; that the defendant was under a duty to exercise ordinary care, being that degree of care which a reasonable and prudent man would exercise under the same or similar circumstances; that failure to exercise such degree of care would be negligence; that if the plaintiff's injury was caused solely by his own negligence he could not recover; that negligence is failure to exercise the degree of care required by law; that absence of ordinary diligence is termed ordinary negligence; that the burden is upon the defendant to provide a reasonably safe place for employees to work, and that where causal negligence is attributable partly to the employer and partly to the employee, the employee shall recover only a proportional amount bearing the same relation to the full amount as the negligence attributable to the carrier bears to the entire negligence attributable to both.

It is now well settled that, simply because a request to charge (*Code Ann.* § 70-207) is apt, correct and pertinent, it is not necessarily error to fail to charge it, but the test is whether the court substantially covered the principles embodied therein (*Jackson v. State,* 225 Ga. 553, 561 (170 SE2d 281); *Young v. State,* 226 Ga. 553, 556 (176 SE2d 52)) or whether it was "sufficiently or substantially covered by the general charge" (*American Home Assur. Co. v. Stephens,* 121 Ga. App. 306, 309 (174 SE2d 186)). This, then, will be the criterion for decision here. In view of the special negligence requirements for recovery in the Federal Employers' Liability Act, this will mean looking to the charge as a whole not only to determine whether the requested

material was given, which it obviously was not, but whether the rules for translating negligence findings into monetary amounts would have been clarified or otherwise by giving the request.

In Atlantic C. L. R. Co. v. Dixon, 189 F2d 525, 527, it was held that "it is of course the duty of an employee to exercise reasonable and ordinary care for his own safety." In *Atlantic C. L. R. Co. v. McDonald,* 103 Ga. App. 328, 331 (119 SE2d 356) it was held that "it would not have been proper for the trial judge to have charged without qualification that a duty devolved upon the plaintiff of exercising ordinary care." In Atlantic C. L. R. Co. v. Burkett, 192 F2d 941, 944, the court affirmed the action of the trial judge in refusing a request to the effect that both the plaintiff employee and the defendant employer are required to exercise ordinary care in view of all the circumstances, and that negligence on the part of either would be the failure to exercise reasonable or ordinary care. We will not enter into a precise analysis of the three cases because none of them is factually identical so as to be controlling. In each case the danger is, on the one hand, that the court by saying too much will open the door to the jury to reinstate the obliterated assumption of risk doctrine under another name; on the other hand, by not saying enough, the court may communicate the notion that the defendant railroad is an insurer of the safety of the employee, which it is not. In Georgia law (see cases annotated under *Code* § 105-603) the words "ordinary care for his own safety" have, as to the plaintiff, become almost words of art, and they cannot be applied to a F. E. L. A. case without raising the necessity for a fuller discussion of assumption of risk, its modification in these circumstances, and the further modification of the contributory negligence doctrine. We do not say that it would have been error in this case to have instructed the jury exactly as requested. Neither can we say it was harmful to omit the instruction where the court clearly and simply covered the central issue—that the jury must determine whether causal negligence existed on the part of either liti-

gant, and, if both, that the plaintiff is entitled to recover that proportion which the defendant's negligence bears to the whole. Where assumption of risk obtains the whole burden of exercising care for the safety of the employee is cast upon him. Where, as here, the doctrine is not available as a defense, the jury may find the employee's failure to avoid the risk is 99% his own fault and still award him 1% damages, although a jury would usually not think of this as being "just such care as an ordinarily prudent person would exercise." Therefore, failure to give the request did not constitute reversible error.

The same ruling applies to that part of the defendant's 4th request which was omitted, as it added little or nothing to the statement that the plaintiff cannot recover for negligence not proven.

■ If the trial court erred in charging: "There is a distinction between the term contributory negligence and the term assumption of risk" without going further and defining the difference, the fault lies with the appellant, which requested the charge as given. Another request to charge which defined the two concepts in almost identical language was properly refused. .

■ Objection is made to the refusal to allow two documents in evidence over objection, both showing that the employee had a prior 10% disability rating based on a service-connected back injury, which statement the employee had submitted in connection with his application for employment with the railroad. In a similar case, Caughman v. Washington Terminal Co., 345 F2d 434 (2), it was held that evidence of disability payments from another source was inadmissible in a F. E. L. A. suit. To the same effect see Eichel v. N. Y. Central R. Co., 375 U. S. 253 (84 SC 316, 11 LE2d 307); Wilson v. Garrett, 92 Ga. App. 820 (1) (90 SE2d 74). And, since the medical witnesses' testimony was properly concerned with the condition of the plaintiff following the accident, and not with the apportioning of disability as between a former and a subsequent accident, it was immaterial that they had no knowledge of the Army

disability rating. Whatever the condition of the plaintiff at the time he was hired, it was such as to allow him to do the job and receive the wages which he was making at the time of this injury, and these are the facts upon which liability and damages must be predicated. It was not error to exclude the documents.

■ The plaintiff testified to his gross annual salary and the amount of wages he had lost between the date of the injury and the trial. On objection the trial court refused to allow cross examination for the purpose of determining the plaintiff's income tax, retirement withholding and take-home pay on this figure.

In *Atlantic C. L. R. Co. v. Brown*, 93 Ga. App. 805 (92 SE2d 874), an action brought under the Federal Safety Appliance Act and the Federal Employers' Liability Act, this court held: "In arriving at its verdict it is of no concern to the jury what attorney's fees, income tax, or other expenses might have to be paid out of the recovery. For the court to have charged the jury that any amount awarded the plaintiff would not be subject to Federal income tax would have been improper." That this is the general view, with some few exceptions, see 63 ALR2d, Anno., p. 1393 et seq. On page 1420 it is stated: "Where defendants' counsel have sought, by cross examination or otherwise, to prove that the gross earnings of the plaintiff or the decedent were reduced by amounts withheld for income tax purposes, or were subject to income tax liability, or that any damages awarded to plaintiff would not be subject to income tax, the effort has, in most reported instances, been unsuccessful." The two issues are closely interrelated. Georgia having placed itself in the column of those states basing damages for lost wages in personal injury cases on gross rather than net sums, we find no error in the court's exclusion of the questions to which the sixth enumeration of error is directed.

*Judgment affirmed. Quillian and Clark, JJ., concur. Bell, C. J., and Evans, J., concur in the judgment only. Jordan, P. J., Hall, P. J., Eberhardt and Pannell, JJ., dissent.*

BELL, Chief Judge, concurring in the judgment only. With all due respect to the views of my colleagues, I must disagree with those expressed in both the majority opinion (Judge Deen) and the dissent (Presiding Judge Jordan).

Division 1 as written by the majority is confusing and to a large degree inaccurate. The dissent is forthright and clear but under the facts of this case and the decisions construing the F. E. L. A. the dissent is harshly inaccurate.

The court charged all that was essential to guide the jury in an F. E. L. A. case. Among other things the court instructed the jury: That contributory negligence of the employee will not bar recovery but will proportionately diminish the damages; that the employee does not assume the risk of his employment where injury results in whole or in part from the negligence of the defendant; that if the plaintiff's injury was caused solely by his own negligence he could not recover; that the burden is upon the defendant to provide a reasonably safe place for employees to work, and that where causal negligence is attributable partly to the employer and partly to the employee the employee shall recover only a proportional amount bearing the same relation to the full amount as the negligence attributable to the carrier bears to the entire negligence attributable to both.

While it would not have been erroneous for the court to have charged the defendant's request that the plaintiff was under a duty to exercise ordinary care for his own safety, in view of the full charge of the court the failure to so charge in this F. E. L. A. case was harmless.

I concur in the judgment of affirmance only.

It should be pointed out that with only 3 of the judges concurring, Division 1 of the opinion is not a binding precedent.

JORDAN, Presiding Judge, dissenting. I dissent from the holding in Division 1 of the opinion to the effect that the court did not err in refusing to give the requested charge that the plaintiff was under a duty to exercise ordinary care for his own safety.

I perceive this to be the law, even in a F. E. L. A. case.

This was clearly held in Atlantic C. L. R. C. v. Dixon, 189 F2d 525, 527, in which the 5th Circuit Court of Appeals said, "It is of course the duty of an employee to exercise reasonable and ordinary care for his own safety. If the employee's negligence was the sole proximate cause of his injury, he cannot recover. If both employer and employee are guilty of negligence, the employee may recover, but his damages will be diminished in proportion to the amount of negligence attributable to the employee." In the instant case the trial court correctly charged that contributory negligence of the employee would not bar recovery but would proportionately diminish the damages, and that the employee could recover unless his injury was caused solely by his own negligence. These correct charges should have been coupled with the railroad's request to the effect that the employee's failure to exercise ordinary care for his own safety would amount to negligence on his part. See *Southern R. Co. v. Cabe,* 109 Ga. App. 432 (136 SE2d 438), where we held that a requested charge which required a plaintiff in a F. E. L. A. case to exercise ordinary care for his own safety would have been a correct charge except for the fact that the request contained objectionable language which does not exist in the case here under review.

Appellee's counsel takes the position that once defendant's negligence was proved in that it failed to furnish a safe place for the employee to work, that the employee would then be entitled to recover the full amount of his injury regardless of any negligence on his part. Under this reasoning the employee could blindly and heedlessly place himself in a known position of peril with utter failure to exercise even the slightest care for his own safety. I do not understand this to be the law.

In my opinion the defendant was entitled to the requested charge, which in connection with the other principles charged, would have correctly instructed the jury in this case. Failure to so instruct amounted to reversible error.

I am authorized to state that Presiding Judge Hall and Judges Eberhardt and Pannell concur in this dissent.