A89A1499. PLYLER v. SMITH.
(386 SE2d 881)

BIRDSONG, Judge.

The defendant Plyler appeals from a $50,000 verdict rendered in favor of plaintiff Hammond Smith in this rear-end collision case. The evidence generally showed that on the evening of November 3, 1985, the plaintiff was driving his 1952 Ford farm tractor on Hwy. 221 near Uvalda, when he was struck from behind by defendant's vehicle. It was "good dark" and the plaintiff was driving his tractor at a speed of about ten miles per hour; he contends his rear lights on the tractor were operating. The defendant was driving about 50 miles per hour and contends he saw no rear lights of a vehicle ahead, that there were no operating lights on the tractor, and that he did not see the tractor until he was almost upon it. He also contends there was no visible "slow-moving vehicle" emblem on the tractor. He managed to swerve to avoid a full frontal impact, but did strike the tractor with his right front fender.

On appeal, defendant enumerates five errors below. *Held:*

1. The trial court did not commit reversible error in charging the issue of punitive damages to the jury, despite defendant's objection that there was no evidence of wilfulness and wantonness in the case. There was some, although very little, evidence to support a charge on aggravating circumstances, for the complaint generally was that defendant was driving too fast with complete indifference to consequences. However, in any case, whether the jury found any such evidence of aggravating circumstances and attempted to award punitive damages is impossible to say, for the award of $50,000 was a general verdict award and "punitive damages" were not awarded.

The amount awarded was well within the range of the amount claimed by the plaintiff for general damages, including pain and suffering. It therefore appears that even if a punitive damages charge had been unauthorized, it cannot be demonstrated to have caused any harm, or prejudice. The defendant, in fact, has not suggested the charge caused any harm, but only that it was wrong to give it. It is axiomatic that to authorize reversal of a judgment there must be shown not only error (*Bellamy v. Edwards*, 181 Ga. App. 887 (354 SE2d 434)), but *harmful* error, and the burden is upon the one claiming error to prove it. Id. Defendant has not done so here, so the punitive damages charge, even if it had been error, cannot be cause for reversal. See generally *Summerfield v. Decinque*, 143 Ga. App. 351,

352 (238 SE2d 712).

2. The defendant's remaining enumerations refer to the trial court's refusal to give certain jury charges requested by defendant.

(a) The defendant failed to object when the trial court declined to give the charge upon the law specific to taillight requirements upon a farm tractor, requiring at least one red taillight (OCGA § 40-8-33), because it instead intended to charge the general law upon taillight requirements at OCGA § 40-8-20. Arguably, the omitted charge was more precise as to tractors, but the general statute (§ 40-8-20) requires that a vehicle, at relevant times, "shall display [head]lights, including . . . illuminating devices as required in this part for different classes of vehicles."

The defendant contended that no light at all was displayed by plaintiff's tractor; if this contention had been found untrue, the charge as given would have sufficed to support a finding of negligence by the plaintiff. The evidence in this case was strongly disputed as to whether the tractor had a light at all. Evidently the jury found the tractor did have a taillight operating, and that the defendant could have seen it; therefore, any lack of judicial specificity as to what kind of light it should have been would be superfluous. Particularly in the absence of an objection by the defendant, no question for review is raised. *Anthony v. Garrett*, 236 Ga. 485 (224 SE2d 347).

(b) We do not find error in the refusal to charge that one rightfully using the highway "is not required to anticipate that some other user will unexpectedly violate the law [or rule of the road] and create a situation of danger." This is not exactly the language approved in *Russell v. Corley*, 212 Ga. 121 (91 SE2d 24), which included the proviso that "*in the absence of knowledge*" one rightfully using the highway was not required to anticipate that another will violate the law. That case involved the sudden and unexpected emergence onto the highway of a 3-½ year old child; it is not unreasonable to posit that "in the absence of knowledge," a driver is not required to anticipate such a thing.

A second case approving such a charge (*Steiner v. Melvin*, 143 Ga. App. 97 (237 SE2d 635)) likewise included the proviso that such anticipation of an unlawful or dangerous act is not required "in the absence of knowledge." In *Steiner*, the unanticipatable situation was the sudden running of a red light at accelerating speed. As a general rule, the duty to exercise ordinary care includes the duty to drive "defensively." We find it a difficult thing, as a proposition of law, to suggest that anyone is excused of the duty to keep a safe look-out, which necessarily may include the anticipation that someone else may disobey the law or create a situation of danger. The statement approved in *Russell v. Corley* was more relevant to the principle of unforeseeability than to a notion that the law excuses a failure to keep a dili-

gent look-out. As a proposed jury charge, the statement was inappropriate in this case, for generally this question is one of ordinary care to be left to the jury on the issue of foreseeability. The trial court did not err in refusing to give this charge, but instead correctly stated that "the law does not impose any duty on a motorist to guard against sudden unforeseen acts of another."

(c) The defendant was not entitled to the suggested charge that "there is no absolute duty on a driver to be able to stop his vehicle within the range of his vision." The statement is misleading and incorrect, for it suggests that even if the defendant saw or could have seen the tractor ahead, and could have stopped, the defendant had no duty to stop.

(d) More significant is the trial court's refusal to charge that "the leading vehicle has no superior legal position to that of the following vehicle." This charge, generally, has been approved as law, in *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448, 450 (224 SE2d 25). We reject the contention that the defendant did not sufficiently object to its omission because he did not state a reason for objecting to the omission; the reason is obvious, for as the defendant suggests, it is the heart of his case that the lead vehicle here, the tractor, was not, at threshold, in a superior legal position. The trial court was misinformed when it was advised this was not the law, for it was, and certainly there is nothing inappropriate in charging it.

However, the trial court did charge: "The mere fact that a vehicle was struck in its rear . . . is not in and of itself sufficient to show negligence on the part of the driver of either vehicle." Although this is not slanted favorably to the vehicle following, and is an extremely passive statement of law, it too is correct, and covers in principle the charges requested by defendant. In the absence of anything in the whole charge or case which tended to mislead the jury to believe that the law favors the position of the lead vehicle, it was not essential or harmful that the trial court charge the requested language of the defendant. See *Glenn McClendon &c. Co. v. Williams*, 183 Ga. App. 508 (359 SE2d 351); *Anderson v. Copeland*, 162 Ga. App. 611 (292 SE2d 472).

We find no reversible errors in the enumerations in this case.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 12, 1989 —
REHEARING DENIED OCTOBER 5, 1989 — ▮

*Simpson & Gray, Ralph F. Simpson, Hodges, Erwin, Hedrick &*

*Kraselsky, William A. Erwin*, for appellant.
*Kunes & Kunes, G. Gerald Kunes*, for appellee.