## A91A0841. CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE v. FUTRELL et al.

### (410 SE2d 751)

ANDREWS, Judge.

Donnell Lathon and Nora Lathon, husband and wife, were killed in an automobile crash with a Consolidated Freightways truck. This wrongful death action was brought by the plaintiffs on behalf of the minor child of Donnell Lathon and the minor children of Nora Lathon. Consolidated appeals from the jury verdict and judgment in favor of the plaintiffs.

1. In enumeration one, Consolidated contends the trial court erroneously allowed the jury to consider evidence that Donnell Lathon received veteran's disability benefits in reaching their determination on damages. In a wrongful death action damages may be awarded for the full value of the deceased's life. OCGA §§ 51-4-2; 51-4-1. Generally, these damages may be categorized as: (1) those items having a proven monetary value, such as lost potential lifetime earnings, income, or services, reduced to present cash value (*Elsberry v. Lewis*, 140 Ga. App. 324, 327 (231 SE2d 789) (1976); *Bulloch County Hosp. Auth. v. Fowler*, 124 Ga. App. 242, 247 (183 SE2d 586) (1971); *City of Macon v. Smith*, 117 Ga. App. 363, 374-375 (160 SE2d 622) (1968)), or (2) lost intangible items whose value cannot be precisely quantified, such as a parent's "society, advice, example and counsel . . ." as determined by the enlightened conscience of the jury. *City of Macon*, supra; *Collins v. McPherson*, 91 Ga. App. 347, 349 (85 SE2d 552) (1954). In assessing economic damages having proven monetary worth, the courts have uniformly held that the decedent's income from a pension, retirement plan payments, social security benefits, and other receipts of like nature, [are] considered, along with other relevant factors, in substantially the same manner as actual earnings in the calculation of pecuniary loss for the purpose of determining the recovery.' [Cit.]" *Miller v. Tuten*, 137 Ga. App. 188, 191 (223 SE2d 237) (1976).

Consolidated argues that the economic component of damages can only be derived from lifetime loss of earnings generated by the decedent's services. Thus, evidence of pension, retirement benefits and social security is admissible as items derived from services rendered by the decedent, whereas evidence of disability benefits is excluded because it is compensation for a disability and unrelated to services rendered by the decedent. We disagree with this limited view of disability benefits, and find no error in the admission of the decedent's veteran's disability benefits in proving the economic component of the full value of his life. Regardless of whether compensation paid to a veteran for disability is characterized as arising from services rendered by the decedent, or as compensation for a disability,

the benefits constitute readily provable income of the decedent which ceased because of his death. The trial court properly admitted this evidence.

2. Consolidated claims the jury verdict awarding damages of $1,000,000 as to Nora Lathon and $800,000 as to Donnell Lathon for the intangible component of the full value of their lives was excessive, and should be set aside on appeal. "The general rule on appeal of an award of damages is that the jury's award cannot be successfully attacked so as to warrant a new trial unless it is so flagrantly excessive or inadequate, in the light of the evidence, as to create a clear implication of bias, prejudice or gross mistake on the part of the jurors. Even though the evidence is such as to authorize a greater or lesser award than that actually made, the appellate court will not disturb it unless it is so flagrant as to 'shock the conscience.' . . . Moreover, the trial court's approval of the verdict creates a presumption of correctness that will not be disturbed absent compelling evidence." (Citations omitted.) *Cullen v. Timm*, 184 Ga. App. 80, 82-83 (360 SE2d 745) (1987). " 'After a verdict, the evidence is construed in its light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict.' [Cit.]" *McKinney & Co. v. Lawson*, 257 Ga. 222, 224 (357 SE2d 786) (1987).

There was evidence upon which the jury could base an award for loss of intangible aspects of the decedents' lives. Testimony was given concerning the character and family circumstances of the decedents, and there was evidence, though scant, of the decedents' relationships with their respective children. In considering this evidence in light of their own experience and knowledge of human affairs, and governed by their enlightened conscience (*City of Macon*, supra at 375; *Collins*, supra at 349), we cannot say the jurors' verdict shocks the conscience, nor is there any clear indication the jury was biased, prejudiced or grossly mistaken. The award was not, as a matter of law, excessive. *Calloway v. Rossman*, 150 Ga. App. 381, 386 (257 SE2d 913) (1979); *Blue's Truck Line v. Harwell*, 59 Ga. App. 305, 310 (200 SE 500) (1938); *Georgia Railway & Power Co. v. Shaw*, 25 Ga. App. 146, 147 (102 SE 904) (1920).

3. In its third enumeration of error, Consolidated claims the trial court erred in admitting testimony regarding the decedents' religious activities. Generally, evidence of a decedent's church activities and religious beliefs are not relevant to prove pecuniary loss in a wrongful death action. *Atlantic Coast Line R. Co. v. Daugherty*, 116 Ga. App. 438, 444 (157 SE2d 880) (1967); OCGA § 24-2-2. However, such evidence may be relevant as an aspect of the intangible element of the full value of the life of a deceased. In proving the nature and extent of intangibles lost by a deceased as the result of a destroyed relationship, the decedent's religious beliefs or church activities may be rele-

vant, along with other circumstances of life, to the extent they help the jury determine the loss from the standpoint of the deceased. The plaintiffs presented evidence that the decedents' religious activities were an important and stabilizing aspect of their lives. The defendant introduced testimony from a psychiatrist that Donnell Lathon had been diagnosed as suffering from chronic paranoid schizophrenia with religious preoccupation and delusions. It was up to the jury to consider the effect of this evidence upon the value of the non-economic elements of the deceaseds' lives. We find no error in admission of this evidence under the facts of this case.

4. In its fourth enumeration of error, Consolidated contends there was no evidence to support the jury's finding that it was liable for the deaths. For this court to reverse the jury verdict in favor of the plaintiffs would require the absence of any evidence of the defendant's liability for damages. *Denny v. D. J. D., Inc.*, 188 Ga. App. 431, 433 (373 SE2d 383) (1988). "[W]here a verdict has been returned by the jury and approved by the trial judge, the evidence is to be construed in the light most favorable to the prevailing party, and every presumption and inference is in favor of sustaining the verdict." *Perfect Image v. M & M Elec. Constructors*, 191 Ga. App. 605, 607-608 (382 SE2d 405) (1989). Construed under this standard, there was evidence supporting the verdict that Donnell and Nora Lathon were killed as the proximate result of the negligent operation of Consolidated's truck as it collided with the rear of the decedents' vehicle.

5. Consolidated claims the trial court erred by refusing to instruct the jury that "the mere fact the [decedents'] vehicle was struck in the rear by [Consolidated's vehicle] is insufficient to fix liability on the defendant." The charge, as requested, is an incomplete and vague statement of the legal principle that the lead vehicle in a rear-end collision case holds no superior legal position over the following vehicle; that both drivers must exercise ordinary care, and the mere fact that one vehicle is struck in the rear is not, in and of itself, sufficient to fix liability on the driver of either vehicle. *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448, 450 (224 SE2d 25) (1976); *Blalock v. Staver*, 132 Ga. App. 628, 629-630 (208 SE2d 634) (1974).

Though a charge on this principle would have been appropriate, we find nothing in the court's charge as a whole which would have misled the jury to believe that the lead vehicle held a superior legal position. *Plyler v. Smith*, 193 Ga. App. 114, 116 (386 SE2d 881) (1989). "In rear-end collision cases the liability, degree of liability, or lack of liability on the part of any involved driver depends upon a factual resolution of the issues of diligence, negligence, and proximate cause." *Jones*, supra at 451. The trial judge fully charged the jury on principles of negligence, proximate cause, and the plaintiffs' burden of proof. Moreover, the court instructed the jury that the mere occur-

rence of the accident created no presumption that the defendant was negligent, or that the plaintiffs were entitled to recover damages. Considering the charge as a whole, there was no error in the failure to give the requested instruction.

6. In its sixth enumeration of error, Consolidated argues the trial court erroneously refused to charge the jury that any damages awarded to the plaintiffs will not be subject to income taxes, therefore the jury should not consider such taxes in determining the amount of any award. In *Atlantic Coast Line R. Co. v. Brown*, 93 Ga. App. 805, 807 (92 SE2d 874) (1956), we held in a case arising under the Federal Employers' Liability Act, that it was not error for the trial court to refuse to charge the jury that any amount awarded as damages would not be subject to federal income tax. We further stated: "In arriving at its verdict it is of no concern to the jury what attorney's fees, income tax, or other expenses might have to be paid out of the recovery. For the court to have charged the jury that any amount awarded the plaintiff would not be subject to Federal income tax would have been improper." Id. at 807.

Since the *Brown* decision, the U. S. Supreme Court has ruled that questions concerning damages in FELA cases are governed by federal law, and that in such cases it is error to refuse to instruct the jury that an award of damages is not subject to federal income tax. *Norfolk & Western R. Co. v. Liepelt*, 444 U. S. 490 (100 SC 755, 62 LE2d 689) (1980); see *Seaboard System Railroad v. Taylor*, 176 Ga. App. 847, 850 (338 SE2d 23) (1985) (a FELA case applying the *Liepelt* rule). *Liepelt* was responding to a perceived danger that a jury might improperly inflate the award to compensate for an imaginary tax. Though *Liepelt* establishes the law in cases arising under the FELA, it is not binding in this case arising under Georgia's wrongful death law. See *Ageloff v. Delta Airlines*, 860 F2d 379, 390 (11th Cir. 1988); *Croce v. Bromley Corp.*, 623 F2d 1084, 1096-1097 (5th Cir. 1980).

It is not necessary to decide here whether giving such an instruction would have been proper.[1]

---

[1] The issue appears to be unresolved in Georgia. Although dicta in *Brown*, supra, indicates the charge, if given, would have been improper, the holding was only that the refusal to give the charge was not error. In any event, *Brown*, generally cited as authority that the requested instruction should not be given, was a FELA case superseded on this issue by *Liepelt*, supra. Declining to follow *Liepelt* in cases arising under state law, the majority of states has held that the refusal to give the instruction is not reversible error, a minority has followed *Liepelt*, and a few have held the matter to be within the discretion of the trial court. *Rego Co. v. McKown-Katy*, 801 P2d 536 (Colo. 1990); see *Gray Drugfair v. Heller*, 478 S2d 1159 (Fla. App. 3 Dist. 1985) (declining to follow *Liepelt*, and holding that refusal to so instruct was in the discretion of the court). See generally Propriety Of Taking Income Tax Into Consideration In Fixing Damages In Personal Injury Or Death Action, 16 ALR 4th, p. 589.

We hold that the trial court did not err in refusing to give the requested instruction. The jury was otherwise properly instructed on damages, and there is no indication from the present record that the jury's award may have been affected by a misapprehension as to tax consequences. Compare *Stolz v. Shulman*, 191 Ga. App. 864, 866-867 (383 SE2d 559) (1989) (not error to instruct jury on tax consequences concerning the award where tax evidence admitted in the case required the clarifying instructions).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED SEPTEMBER 19, 1991 — 

*Neely & Player, Edgar A. Neely, Jr., Richard B. North, Jr., Kurt N. Peterson*, for appellant.

*Cuffie & Smith, Thomas F. Cuffie, Rufus Smith, Jr.*, for appellees.