29832. TILLER *v.* GEORGIA POWER COMPANY.

Decided October 29, 1942.

*T. J. Lewis,* for plaintiff.

*MacDougald, Troutman & Arkwright, W. H. Schroder,* for defendant.

Felton, J. Frank Tiller Sr. sued the Georgia Power Company for damages allegedly resulting to plaintiff's truck from the negligence of the driver of a trackless trolley, in that the driver of the trolley stopped a trolley seventy-five feet from a regular stop, suddenly and without any notice or warning, directly in front of plaintiff's truck, causing it to run into the back end of the trolley. The petition alleged that the defendant was negligent in stopping the trolley before it reached the regular stop and while the trolley was twenty feet from the curb, directly in front of plaintiff's truck, in failing to warn the driver of plaintiff's truck, by hand signal, of the trolley driver's intention to stop the trolley, and in not driving the trolley up to the curb so as to permit traffic following to pass safely before stopping. The jury found for the defendant and the plaintiff excepts to the overruling of his motion for new trial.

The one ground of the amendment to the motion for new trial is that the court instructed the jury that it was not a violation of the laws of Georgia for the driver of a trackless trolley to fail to signal the stopping of the trolley by signalling with his hand; movant contending that the charge was contrary to Code § 68-303 (f), which provides that "An operator intending to start, to stop, or to turn his vehicle to the left or right shall extend the hand and arm horizontally from and beyond the left side of the vehicle;" that a trackless trolley is a motor vehicle within the definition given in Code § 68-101; and, further, that the act of 1941 (Ga. L. 1941, p. 529), classifying trackless trolleys as street cars for certain purposes, did not have the effect of relieving the driver of the trolley from the duty to signal the stop of the trolley outside the limits of the City of Atlanta.

In order for the violation of a penal law to be the basis of a recovery in an action based on negligence the violation must have

at least been one of the contributing proximate causes. The evidence in this case did not show that the driver of the plaintiff's truck could have seen a signal made by the driver of the trackless trolley if he had given one. Consequently, whether the judge was correct in his instruction to the jury or not, the effect was not harmful to the plaintiff for the reason that the jury could not have found that the failure of the driver of the trolley to signal with his hand in any way contributed to the injury. Jack Tiller, who was driving the plaintiff's truck, testified that there was a car parked at the trolley stop which the trolley was approaching, and that the trolley driver pulled the front end of the trolley into the curb and the left rear end of the trolley extended out into the street toward the car line (presumably meaning the street-car tracks); that he did not see the driver of the trolley give any signal with his hand that he was going to stop; that he was following the trolley; that the trolley was stopped suddenly and plaintiff's truck hit the left rear end of the trolley; that a trackless trolley was about as big as a street car. The evidence does not show whether the driver of the truck, at the time he was following the trolley, was following immediately behind the trolley, or to the left of it, or to the right of it, or whether, if immediately back of it, or to the left of it, he was in position to see a signal given by the driver of the trolley. Under the circumstances of the case it would have been wholly conjecture on the part of the jury to find that the driver of the truck could have seen a signal from the trolley driver if he had given one.

The evidence authorized a verdict for the defendant and plaintiff does not contend otherwise. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton, J., concurs. Stephens, P. J., disqualified.*