34484. PFEIFER *v.* YELLOW CAB COMPANY
OF ATLANTA *et al.*

DECIDED APRIL 22, 1953—REHEARING DENIED MAY 14, 1953.

*Clinton J. Morgan, Nall & Sterne, Fred W. Kerr,* for plaintiff in error.

*Douglas, Evans & Cole, Lee Evans, Smith, Field, Doremus & Ringel, White, Douglas & Arnold,* contra.

Sutton, C. J. █ The plaintiff in error contends that Smith's alleged negligence was not conclusively shown to have been the sole proximate cause of the plaintiff's injuries, under the allegations of the petition, and further contends that the alleged negligence of Draper and Yellow Cab Company concurred with and contributed to Smith's negligence in bringing about her injuries.

As to the negligence alleged against Yellow Cab Company, it appears that the taxicab driver stopped his cab suddenly near the middle of Northside Drive in order to make a left turn onto

Norfleet Road, and that he did not give the arm signal required by the Code, § 68-303 (f). Yellow Cab Company contends that its alleged negligence in this respect was not a cause of the plaintiff's injuries, because the petition shows that Smith, the driver of the car following the taxicab, was not keeping a lookout. Apparently, Smith was so inattentive that he failed to notice the cab stopping and cutting gradually to the left, although there was nothing to obstruct his view of the taxicab. It is alleged that he was some 200 feet to the rear of the cab when it started slowing to make the left turn. Can it be said that Smith would also not have seen any arm signal given by the driver of the taxicab in time to avoid hitting the cab? We think that such a question should be passed upon by a jury.

One purpose of giving a hand and arm signal upon stopping, starting, or turning an automobile is to command the attention of the drivers of other automobiles and to make them aware of the intentions of the driver signaling, in order to avoid collisions. If it should be held that the driver of an automobile who fails to make a hand and arm signal upon stopping or turning is without fault when he is struck from the rear by another automobile, simply because the driver of the following automobile failed to keep a lookout or was inattentive, it would make the provisions of the statute meaningless and ineffective in most civil cases involving negligence, for few drivers following another automobile at a safe distance will strike the car ahead which is stopping or slowing, unless the driver of the following car is inattentive or failing to keep a lookout. There is no question but that Smith could have seen any hand and arm signal given by the driver of the taxicab, and it does not appear that Smith, as the driver of the following car, was not in a position to have seen a signal, as was the case in *Tiller* v. *Georgia Power Co.*, 68 *Ga. App.* 224 (22 S. E. 2d 623), nor is it alleged that Smith was looking away from the car ahead to one side of the road, as in *Georgia Power Co.* v. *Blum*, 80 *Ga. App.* 618, 626 (57 S. E. 2d 18).

Code § 68-303 (f) requires positive action on the part of the driver of the car ahead to warn the driver of the car behind of a stop, turn, or a decrease in speed, and thereby to exercise some control over the following car. If it should be proved, as al-

leged in the present case, that the taxicab driver did not obey the mandate of the statute and failed to give the required signal showing his intention to stop and then to turn left, a jury would be authorized to find that, regardless of how inattentive Smith may have been, the cab driver's giving the required arm signal might have stimulated or aroused Smith's attention in time for him to avoid striking the taxicab, and so to find that the taxicab driver's negligence in this respect contributed to the injuries sustained by the plaintiff.

It is well settled that "One who himself violates a statute cannot rely upon the presumption that others in like position will not disobey the law." *Georgia Power Co.* v. *Blum*, 80 *Ga. App.* 618, supra, (3-b). And it was stated in *Williams* v. *Grier*, 196 *Ga.* 327, 338 (26 S. E. 2d 698) : "But the defendants themselves were violating a municipal ordinance; and this being true, it was incumbent upon them to anticipate that others, like themselves, might disobey the traffic laws and regulations. *Central Railroad & Banking Co.* v. *Smith*, 78 *Ga.* 694 (4) (3 S. E. 397) ; *Davis* v. *Whitcomb*, 30 *Ga. App.* 497 (8) (118 S. E. 488)." This principle applies especially to the facts of the present case, for, where it is alleged that Yellow Cab Company through its driver violated the provisions of Code § 68-303 (f), by stopping preparatory to turning left without giving the required arm signal, a jury might find upon proof of such allegations that the cab company through its driver should have anticipated that Smith, the driver of the car following its taxicab, would be negligent in failing to keep a lookout and in striking the taxicab, which were acts that the statute violated was obviously intended to prevent. The petition set out a cause of action against Yellow Cab Company of Atlanta.

■ It is alleged that the defendant Draper was proceeding south on Northside Drive, with a clear view of the intersection of Norfleet Road and the automobiles operated by Smith and by Yellow Cab Company, which were approaching in the opposite direction, and that Draper was driving at a speed of 30 to 35 miles per hour. The allegations of the petition show that the taxicab had stopped, instead of turning in front of Draper's car, so that Draper could proceed along his side of the highway without risk of collision. Draper's automobile must have been

so near to the taxicab that a collision would have been imminent if the cab driver had attempted to make a left turn without stopping.

It does not appear that the taxicab had come to rest after being struck by Smith's car, so it was not a stationary obstruction which Draper might have avoided. Construed against the pleader, the petition must be taken as alleging that the taxicab was knocked into the path of Draper's automobile at the instant he came by.

The alleged acts of negligence of the defendant Draper consist in general of his failure to anticipate that Smith would be negligent in striking the taxicab. Draper is alleged to have failed to keep a lookout, to reduce his speed in the intersection, to stop, and to keep his automobile under control. Such acts were negligent only if the petition shows that Draper should have foreseen Smith's negligence and its consequences. But the law does not require one to anticipate or foresee unusual or possible occurrences; it is probable danger that one must exercise ordinary care and prudence to prevent, and this would be true as to the alleged negligence per se of the defendant, Jesse Draper, under the facts and circumstances as disclosed by the allegations in this case. As stated in 38 Am. Jur. 669, Negligence, § 24: "Generally speaking, no one is bound to guard against or take measures to avert that which, under the circumstances, a reasonably prudent person would not anticipate as likely to happen. Mischief which could by no reasonable possibility have been foreseen, and which no reasonable person would have anticipated, cannot be taken into account as a basis upon which to predicate a wrong. Negligence must be determined upon the facts as they appeared at the time, and not by a judgment from actual consequences which were not then to be apprehended by a prudent and competent man." Also see *Stallings* v. *Georgia Power Co.*, 67 *Ga. App.* 435 (20 S. E. 2d 776); *Georgia Power Co.* v. *Kinard*, 47 *Ga. App.* 483, 486 (170 S. E. 688).

Where, as here, the defendant Smith was not alleged to have been following the taxicab at more than a reasonable speed or at a distance too close to enable Smith to stop when the taxicab stopped, and where it appears that there was sufficient space for Smith to have passed safely beside and to the right of the taxi-

cab, we do not think that it could reasonably be said that Draper should have foreseen or anticipated that Smith would neither stop nor pass beside the taxicab but would collide with it. Under these circumstances, the alleged acts of the defendant Draper did not constitute actionable negligence, but were merely the condition or occasion through which the negligence of Smith and Yellow Cab Company operated as the proximate cause of the plaintiff's injuries. The petition did not set out a cause of action against the defendant Draper.

■ Accordingly, the court erred in sustaining the general demurrer of Yellow Cab Company, but did not err in sustaining the demurrer of Jesse Draper.

*Judgment reversed in part and affirmed in part. Felton and Worrill, JJ., concur.*