36357.   GLEASON *v.* RHODES CENTER PHARMACY, INC., *et al.*

DECIDED SEPTEMBER 21, 1956—REHEARING DENIED OCTOBER 4, 1956.

*Nick Long, Jr.,* for plaintiff in error.
*Edgar A. Neely, Jr., Marshall, Greene & Neely,* contra.

TOWNSEND, J.   ■ The plaintiff contends that the trial court erred in charging on the subject of comparative negligence, and

that this charge was hurtful to her because by reason of it the verdict in her favor was reduced. The special ground sets forth the charge of the court, the reasons for assigning error thereon, and the pleadings and evidence upon which she relies to show such error; accordingly, as against the contentions of the defendant in error, it is in proper form for consideration by this court.

*Jackson* v. *Camp & Brown Produce Co.*, 92 *Ga. App.* 359 (3) (88 S. E. 2d 540) decides in general the question here at issue, which is that where a plaintiff approaches and is about to enter an intersection and the traffic light at such intersection turns red against him he is justified in making a sudden stop, and there is no issue of comparative negligence as between such driver and the driver of a car behind him which fails to stop in time to avoid hitting the forward vehicle. In that case, however, no city ordinance was pleaded, whereas here the defendant pleaded and proved an ordinance of the City of Atlanta making it obligatory upon a person intending to stop a motor vehicle to give a hand signal to that effect. It is contended that such failure amounted to negligence per se which authorized the charge on comparative negligence in this case. Failure to signal an intention to stop would be negligence as to a following vehicle because obviously the driver of the following vehicle is within the class of persons intended to be protected by the ordinance, providing also that such failure enters into the proximate cause of the injury (see *Pfeifer* v. *Yellow Cab Co.*, 88 *Ga. App.* 221, 224, 76 S. E. 2d 225; *Etheridge* v. *Guest*, 63 *Ga. App.* 637, 640, 12 S. E. 2d 483) and whether or not it enters into proximate cause is usually a jury question. *Georgia Power Co.* v. *Blum*, 80 *Ga. App.* 618 (57 S. E. 2d 18). But where a finding is demanded that the event would have been the same whether the signal were given or not, then failure to give the signal is not negligence *upon which recovery may be predicated.* It was stated in *Tiller* v. *Georgia Power Co.*, 68 *Ga. App.* 224, 225 (22 S. E. 2d 623): "In order for the violation of a penal law to be the basis of a recovery in an action based on negligence the violation must have at least been one of the contributing proximate causes. The evidence in this case did not show that the driver of the plaintiff's truck could have seen a signal made by the driver of the trackless trolley if he had given one. Consequently, whether the judge was correct in

his instruction to the jury or not, the effect was not harmful to the plaintiff for the reason that the jury could not have found that the failure of the driver of the trolley to signal with his hand in any way contributed to the injury."

In the present case the defendant testified on cross-examination: "You ask if I saw her tail light on. Just one worked. I seen it. When she put her brakes on, I noticed it by her tail light coming on. . . I knew there was an intersection there. I know the red light was there. I knew that people stopped at red lights in traffic." The defendant's admission that he was following another vehicle too closely was proved by a copy of his plea of guilty to this charge in traffic court. Since the defendant saw the traffic light, and saw the forward vehicle when the driver first applied her brakes, he had notice that she intended to stop for the light, and therefore any negligence of hers in not extending her hand for a manual stop signal was no defense to him under the circumstances of this case and had no causal connection with the injury. As pointed out in Zandras *v.* Moffett, 286 Pa. 477 (133 Atl. 817, 47 A. L. R. 699), one who knows that the car ahead of him is approaching an intersection where signals may require it to come to a sudden stop is bound to exercise diligence to keep his car under such control as to be able to stop in the event of such emergency. There being no evidence of negligence on the part of the plaintiff which contributed to the collision, it was error for the trial court to charge on the theory of comparative negligence. There is nothing in the evidence to indicate that the plaintiff driver stopped before arriving at the intersection, but the testimony of both plaintiff and defendant concurs in indicating that she was approximately at the entrance to the crosswalk at the time she stopped.

■ In view of the large volume of conflicting evidence as to whether the plaintiff was in fact so badly injured as to justify the time she remained away from work after the infliction of her injuries, there was no error in charging the provisions of Code § 105-2014 relating to the duty of an injured person to lessen the damages so far as is practicable by the exercise of ordinary care and diligence.

The trial court erred in denying the motion for new trial.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*