### 36325. COX *v.* ESTES.

DECIDED OCTOBER 10, 1956—REHEARING DENIED OCTOBER 29, 1956.

510

*William A. Thomas,* for plaintiff in error.

*T. J. Long, W. S. Allen,* contra.

FELTON, C. J. ■ Special ground 2 of the amended motion for new trial complains that the court erred in charging the jury that if they found the plaintiff by the exercise of ordinary care could have discovered and avoided the consequences of the defendant's negligence, the plaintiff would not be entitled to recover. The court erred as contended in this special ground. The plaintiff's evidence as to the collision was to the effect that he drove his automobile up behind the defendant's truck and when he was about twenty-five feet from the rear of the truck, he blew his horn and started around the truck, and that the truck remained on the right side of the highway until the plaintiff was along side of it in passing, when the driver of the truck drove the truck to the left and into the side of the plaintiff's automobile.

The defendant's evidence as to the collision was the testimony of the driver of the truck which was as follows: "I was coming from the Negro house up there right above home there, and I was coming down there and I throwed out my hand to turn and I didn't see the car behind me and it rolled up beside of me, it didn't blow until he got beside of me. When it got beside of me it blowed and I stopped and he run up into the driveway by home."

The defendant's evidence tended to show that the truck driver was not negligent. The plaintiff's evidence tended to show that the truck remained on the right side of the road until the automobile was along side of it at which time the driver drove the truck to the left and into the plaintiff's automobile. Clearly, this evidence would not have authorized a finding that the plaintiff by the exercise of ordinary care could have discovered and avoided the consequences of the defendant's negligence; therefore, the charge authorizing such a finding was error. *Cooper* v. *Georgia Power Co.,* 44 *Ga. App.* 581 (1) (162 S. E. 302).

■ Special ground 3 of the amended motion complains that the court erred in failing to charge the jury the law of comparative negligence. Since the issue of comparative negligence was not raised by the pleadings and there was no request therefor, the court did not err in failing to so charge.

■ Since the matters complained of in special grounds 1 and 5 of the amended motion are not likely to recur during a new trial, it is not necessary to make a ruling on these grounds. Special grounds 3 and 6 of the amended motion are without merit. Under the facts of this case, the matter complained of in special ground 7 is not error.

For the reason stated in Division 1 of the opinion, the court erred in denying the amended motion for a new trial.

*Judgment reversed.  Quillian and Nichols, JJ., concur.*