38938. SUMMEROUR v. ASSOCIATED TRANSPORT, INC., *et al.*

DECIDED JULY 7, 1961—REHEARING DENIED JULY 28, 1961.

Robert M. Heard, E. Freeman Leverett, Payne, Heard & Leverett, for plaintiff in error.

Howell C. Erwin, Jr., Erwin, Birchmore & Epting, Clete D. Johnson, contra.

FELTON, Chief Judge. 1. The plaintiff in error contends that the verdict for the defendants was not supported by the evidence in that there was no evidence to support any charge of negligence against the plaintiff which was the basis of the cross-action. A finding that the plaintiff was driving at an illegal rate of speed was authorized. A finding was authorized that the defendants were driving at from 35 to 40 miles per hour, or more. There was evidence that when the truck was 290 feet east of the point of collision the plaintiff's automobile was 610 feet from that point, which fact authorized the finding that the plaintiff's automobile was being driven at more than twice the speed of the truck. The finding was authorized that the plaintiff was driving at an excessive rate of speed in view of the fact that he admitted knowing that there was construction work ahead of him. It is hardly necessary to comment that the jury had a right to believe the testimony of the truck driver to the effect that he did dim his lights and did not drive his truck on the wrong side of the road. The verdict against the plaintiff was authorized and the general grounds of the motion for a new trial are without merit.

2. Plaintiff in error, in the 4th ground of the amended motion, complains that the court erred in admitting over objection cer-

tain testimony of Corporal L. E. Coley, of the Georgia State Patrol. Corporal Coley was asked the following question: "Q. Corporal Coley, I will ask you to state in your opinion, based upon your investigation, what happened as far as this collision was concerned the night of October 5, 1959?" In answer to this question, Corporal Coley made the following statement: "Vehicle No. 1 (defendant's truck) was traveling south on U. S. 29. Vehicle No. 2 (plaintiff's automobile) was traveling north on U. S. 29; at the end of the new pavement coming on to the old pavement there is a drop-off. In my opinion, when he dropped off the new pavement on to the old it caused him to lose control of the vehicle going across the center line, hitting the truck." At the time the testimony was offered the plaintiff in error made the following objection: "Your honor, we object to that question. We say that this man would be qualified to tell what he found out there, but as to describing as to what happened out there, this man is not qualified, he wasn't there." This ground of the amended motion raises a close question, that is, whether the witness's answer invaded the province of the jury. Whatever may be true as to the admissibility of the testimony, and assuming that its admission was erroneous, under the facts of this case, we do not think that the admission of the testimony was harmful to the plaintiff in error. The plaintiff in error alleged in his petition that he lost control of his car when his right wheels dropped off the pavement at the junction of the old and new pavement. The plaintiff in error testified about five times that he lost control of his car when his right rear wheel dropped off the pavement at the junction of the old and new pavement. Under these circumstances the testimony could not have been harmful to the plaintiff in error unless there was a probability that the jury understood the witness to mean that the plaintiff in error's being blinded by the bright lights from the truck, as distinguished from lights dimmed, was the proximate cause of the plaintiff in error's losing control of his automobile. We do not think that the jury could have so construed Corporal Coley's testimony, for the reason that in answer to questions on cross-examination by one of the attorneys for the plaintiff in error, Corporal Coley testified that he did not know whether the de-

fendant Mullinax's lights were bright and blinded the plaintiff in error and that he did not know how fast the plaintiff in error or the defendant Mullinax were going. Ground 4 of the amended motion for a new trial is without merit.

3. Special ground 5 of the amended motion for a new trial complains that the court erred in failing to charge, without request, as follows: "Gentlemen, I charge you that the defendant in this case was required to exercise ordinary diligence when meeting plaintiff, so as to avoid injuring plaintiff or causing him to lose control of his automobile. Ordinary diligence is that degree of care which is exercised by ordinary prudent persons under the same or similar circumstances." The ground goes on to state: "Movant shows that the court failed altogether to charge the jury as to the degree of care owed by defendant to plaintiff under the facts of this case." This ground is without merit for the reason that in various instances the court gave a fair and impartial charge to the jury on the question of the defendants' duty to the plaintiff under the particular circumstances of this case.

4. Ground 6 of the amended motion complains that the court erred in charging the jury as follows: "Now the plaintiff in this case is bound by the rule of ordinary care and diligence. If the plaintiff failed to exercise ordinary care and diligence and such failure was the direct and proximate cause of his alleged injuries, he is not entitled to recover. I charge you that the plaintiff must have been in the exercise of ordinary care to protect himself against any negligence that may have occurred on the part of the defendants, and ordinary care as applicable to the plaintiff has the same definition as already given you. I charge you that if the plaintiff in this case could, by the exercise of ordinary care, have avoided the consequences to himself caused by the defendants' negligence, if the defendants were negligent, then the plaintiff would not be entitled to recover. The duty, however, to exercise ordinary care to avoid the consequences of another's negligence does not arise until the injured party knew, or in the exercise of ordinary care, ought to have known of the negligence, or until such negligence is apparent, or by the exercise

of ordinary care should have been apparent, if negligence there was."

Ground 7 of the amended motion complains that the court erred in charging the jury as follows: "If you find that the defendant, Tom H. Mullinax, negligently failed to dim his lights on the approach of plaintiff's vehicle from the opposite direction, but if you also find that the plaintiff saw, or in the exercise of ordinary care, could have seen such negligence, if any, of the defendant Tom H. Mullinax, in time to properly control the movement of the automobile by slowing, stopping or turning his vehicle and that the plaintiff failed to exercise ordinary care for his own safety in this respect, then the plaintiff cannot recover." We think the court erred in charging the jury on the question whether the plaintiff could have avoided the negligence of the defendants, as set forth in grounds six and seven of the amended motion. It is axiomatic that for the court to authorize a finding not supported by the evidence is error. *Code Ann.* § 70-207, catchword "Evidence." The defendants in error argue that the charge was required since the plaintiff in error testified that upon being blinded by the bright lights of the oncoming truck he immediately pulled to the right without driving onto the shoulder to escape danger and lightly touched his power brakes instead of trying to stop. The plaintiff in error contends that the evidence shows that he slowed down and pulled off on the shoulder to the right to avoid injury. The evidence fails to support the plaintiff in error's contention that he pulled off on the right shoulder. He testified that he pulled to the right but testified that he did not think that his right front wheel ever left the pavement, though he said he was not sure. The defendants in error's contention is that since the plaintiff in error did not make an effort to stop or to pull off the pavement to the right he was negligent in attempting to avoid the consquences of the truck driver's negligence in either driving on the wrong side of the road or failing to dim his lights, or both. This contention might have merit if it were not for one thing. The plaintiff in error testified that as he moved off the new 24 foot pavement onto the old 20 foot pavement he was blinded by the truck's lights, immediately touched his power brakes lightly and turned to the right and lost control of

his automobile when the right rear wheel went off of the old pavement, a drop-off of several inches. After the loss of control of the car by plaintiff in error it crossed his lane and went into the truck's lane about three feet and collided with the truck. The oversight in defendants in error's argument is that in attempting to show that the plaintiff in error failed to exercise ordinary care to avoid the truck driver's negligence, if any, they fail to take into consideration the fact that the time within which plaintiff in error might have had to avoid the consequences of the truck driver's negligence was cut short by his loss of control of the car. Therein lies the answer to whether the charges under consideration were correct. Under the evidence the jury could have found that in a matter of a second or two after plaintiff in error pulled to the right on the pavement and touched his brakes he had lost control of his car. If he had not lost control, and during the time when his car went across his lane of traffic and three feet onto the opposite lane, had not made other efforts to avoid the truck driver's negligence, he might possibly have been found to have been able to avoid the collision. Under the theory of the case we are now discussing we do not think that there is any evidence from which the jury could have ascertained that the plaintiff in error was negligent in not avoiding the collision. If he lost control because of the fault of the truck driver and was thus deprived of the right and opportunity to take further action to avoid the collision, in addition to touching his brakes and pulling to the right on the pavement, we do not see how the jury could reasonably or logically come to a conclusion which in effect would mean that if there had been no loss of control the plaintiff in error would not have exercised ordinary care in an effort to avoid hitting the truck. In other words, the plaintiff in error cannot be charged with negligence during a short period of time when he was not responsible for his actions. We do not think the evidence authorized a finding that the plaintiff in error could have avoided the collision by the exercise of ordinary care if the jury found that the truck driver was negligent and that his negligence caused the plaintiff in error to lose control of his car, which was one finding authorized by the evidence, the other two being that the collision was an accident or

that it was due solely to the plaintiff in error's own negligence.

In view of the complicated issues in this case; in view of the various verdicts which could have been rendered; in view of the fact that the court in instructing the jury as to the various forms of verdicts possible did not give specific instructions as to the basis for all possible verdicts it cannot be said that the erroneous charges herein dealt with were harmless to the plaintiff in error.

5. Ground 8 of the amended motion complains that the court erred in charging the jury, with reference to defendants' cross-action, as follows: "Gentlemen, I charge you this section of our law. I think I have charged it to you once but it is alleged in the petition and the answer that this section of our law was violated so I will read it to you again. Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway. I charge you this law of the State of Georgia, gentlemen. Whenever any roadway has been divided into two or more clearly marked lanes of traffic, the following rules in addition to all others consistent herewith shall apply. (a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." The giving of this charge was not error. It states a correct principle of law and was authorized by the evidence since the evidence did not demand the finding that the plaintiff lost control of his automobile because of the negligence of the defendants.

The court erred in overruling the motion for a new trial for the reason stated in division 4 of the opinion.

*Judgment reversed. Bell and Hall, JJ., concur.*