43272.   EARL et al. v. EDWARDS, by Next Friend.

ARGUED JANUARY 4, 1968—DECIDED APRIL 2, 1968.

*Jones, Sparks, Benton & Cork, Ed L. Benton, Carr G. Dodson,* for appellants.

*Melton, McKenna & House, Andrew W. McKenna, Mitchell P. House, Jr., Walton Hardin,* for appellee.

BELL, Presiding Judge.   Roy Edwards, Jr., by next friend, sued Sydney Pyles Plumbing & Heating Company and its servant Billy Earl to recover for personal injuries sustained in a collision involving a vehicle driven by plaintiff and a vehicle driven by Earl.   Defendants took this appeal from the trial court's judgment entered on a verdict for plaintiff.

■ The evidence showed that plaintiff was driving south on U. S. Highway 129 a few miles north of Cochran at a speed of 35 to 40 miles per hour and approaching a curve to the right. It was dark and raining.   Earl was driving north and approaching the curve at a speed of 45 to 50 miles per hour.   Entering the curve, both cars were in their respective right-hand lanes, but when they reached a point about 8 or 9 car lengths apart, Earl's car began skidding.   At a point about 50 feet from plaintiff's car Earl's car crossed the center line of the highway, skidding broad-

side into plaintiff's lane of travel. Collision followed instantaneously. There was no evidence showing that plaintiff knew or in the exercise of ordinary care should have detected the danger before the other car crossed the center line only 50 feet in front of him. Defendant Earl's testimony is subject to the construction that there was no substantial reduction in his speed from the time he began skidding until the impact. From the combined speeds of the two cars and the brief distance separating them when the danger was or reasonably should have been apparent to plaintiff, it seems clear that plaintiff did not have sufficient time to react to avoid the collision. The court did not err in failing to charge the jury on the avoidance doctrine, as that pleaded defense was not supported by any evidence. See *Ga., Fla. &c. R. Co. v. Sasser,* 4 Ga. App. 276, 283 (6) (61 SE 505); *Wells v. Steinek,* 49 Ga. App. 482 (1) (176 SE 42); *Cox v. Estes,* 94 Ga. App. 509, 510 (95 SE2d 39); *Summerour v. Associated Transport,* 104 Ga. App. 277, 283-284 (121 SE2d 421).

■ There was no evidence which would have authorized a finding that plaintiff's own negligence proximately contributed to his injuries. The court did not err in failing to charge on comparative negligence.

■ In his argument to the jury, plaintiff's counsel described the burning pain which plaintiff felt when catheterized in order to drain his bladder in the hospital after the collision. Following this, counsel argued, "I don't think any of you gentlemen would want to go through that situation, if there was any way you could avoid it." In order to have the prejudical effect claimed by defendants in their motion for mistrial, the quoted statement must have amounted to an argument urging the jurors to place themselves in the position of litigant or to allow such recovery as they would wish if in the same position. See generally, Ann. 70 ALR2d 935. The argument here did not have that effect, but was calculated merely to arouse in the jurors' minds a more vivid impression of the pain and discomfort borne by plaintiff. The third ground of the enumeration, contending that the court erred in denying defendants' motion for mistrial, is without merit.

■ On cross examination of defendant Earl, the court admitted

the witness' testimony in response to the question, "Was there anything that Mr. Edwards could have done to avoid the collision?" On the admissibility of this evidence, assuming a proper objection had been made, see *Macon, D. &c. R. Co. v. Stewart*, 125 Ga. 88 (1) (54 SE 197); *Atlanta Ice &c. Co. v. Mixon*, 126 Ga. 457, 458 (55 SE 237); *Southern R. Co. v. Abercrombie*, 45 Ga. App. 623 (22) (165 SE 901); *Bentley v. Ayers*, 102 Ga. App. 733, 735 (117 SE2d 633); *Carter v. Hutchinson*, 106 Ga. App. 68, 73 (126 SE2d 458). However, the objection here amounted to no more than a general objection that the question called for a conclusion of the witness. The objection being insufficient, it was not error to admit the testimony. *West Lumber Co. v. Schnuck*, 85 Ga. App. 385, 388 (69 SE2d 577); *Etheridge v. Hooper*, 104 Ga. App. 227, 231 (121 SE2d 323); *Atlanta Metallic Casket Co. v. Hollingsworth*, 107 Ga. App. 594, 598 (131 SE2d 61).

*Judgment affirmed. Hall and Quillian, JJ., concur.*