26182. McLARTY v. EMHART CORPORATION.

ARGUED NOVEMBER 10, 1970—DECIDED DECEMBER 3, 1970—
REHEARING DENIED DECEMBER 17, 1970.

*Isaac S. Jolles, Byrd, Groover & Buford, Garland T. Byrd, Denmark Groover, Jr.,* for appellant.

*R. John Genins, Aynes, Feldman & Genins,* for appellee.

NICHOLS, Justice. ■ During the trial the plaintiff offered in evidence a letter written by the President of Maryfield Plantation, Inc., to the plaintiff corporation. The sole objection made on the trial of the case was that the letter constituted hearsay. The issue in the case was whether the directors of the corporation made a conveyance of its assets to defraud its creditors. Under such circumstances conversations between the president of the corporation, who was also a director, and an agent of the alleged defrauded creditor about the account out of which the litigation arose cannot be deemed to be hearsay evidence. This enumeration of error is without merit.

■ The fourth enumeration of error complains of the refusal of the trial court to admit evidence of other debts owed by Maryfield

Plantation, Inc., and the fifth enumeration complains of the refusal to admit evidence of amounts paid the Emhart Corporation prior to judgment on which the present litigation is based. Both of the enumerations are without merit.

Had the defendant sought to introduce evidence of debts not barred by the statute of limitation, or evidence of debts already reduced to judgment against Maryfield Plantation, Inc., which may have resulted in the Emhart Corporation not being entitled to the full amount of its judgment the evidence would have been admissible. However, this was not shown. The evidence of the amounts paid the Emhart Corporation prior to its obtaining the judgment against Maryfield Plantation, Inc. would have no effect upon the amount due Emhart Corporation in the present litigation and was properly excluded. Neither the case of *Atlas Tack Co. v. Exchange Bank,* 111 Ga. 703 (36 SE 939) nor *Ware v. Rankin,* 97 Ga. App. 837, 838 (104 SE2d 555), relied upon by the appellant, authorizes a contrary holding. Both of these cases refer to the directors of an insolvent corporation being trustees for the creditors, but neither case permits the directors to set off against diligent creditors, who pursue their cause of action against the directors, claims of creditors who were not as diligent and permitted their claims to be barred by the statute of limitation.

■ The sixth enumeration of error complains of the direction of a verdict for the plaintiff and against the defendant on the defendant's cross action.

The cross action alleged that the plaintiff had maliciously filed a materialman's lien on the real property which had prevented a sale by the defendant which sale, if consummated, would have grossed her $11,500 more for the property than it was actually sold for later.

Assuming but not deciding that fertilizer and the other items used in the production of crops and purchased from the plaintiff are not lienable items, yet since the undisputed testimony of the attorney and agent of the prospective purchasers was that there were many reasons why such sale was not consummated, not just this lien, the direction of such verdict was not error.

■ The eighth enumeration of error complains of the refusal of the trial court to charge various requests of the defendant.

An examination of the charge shows that the first, second and fourth requests (designated a, b and d) were substantially covered by the charge given the jury and it was not error to refuse to give the requested instructions in the exact language requested. Compare *Jackson v. State,* 225 Ga. 553, 560 (170 SE2d 281), and citations.

The third request to charge (designated c) while setting forth a correct principle of law was not applicable to the evidence adduced on the trial of the case.

The request to charge (designated e) if given would have had the effect of instructing the jury that a certain allegation was proven and would have had the effect of expressing an opinion as to the facts proven. See *Code* § 81-1104. No error is shown by the refusal to give such requested charge.

The remaining request to charge (designated i) also included an expression of opinion as to facts proven and, as requested, was not a correct statement of law. This request to charge was properly refused.

■ Enumeration of error 9 complains of an excerpt from the charge wherein the jury was instructed: "I charge you that a transaction between an individual and a corporation virtually owned by the individual to the prejudice of creditors of the corporation is to be closely scanned and their bona fides clearly established and the burden is upon the individual to show that the whole transaction was fair."

While no case has been cited directly in point by counsel for either party, it would appear that the holding in *Skellie v. James,* 81 Ga. 419, 424 (8 SE 607), a case involving an alleged fraudulent transfer between husband and wife, is applicable in a transaction between a corporate director in her official capacity and herself in her individual capacity. It was there held: The court "should have instructed the jury to closely examine the transaction, and should have further instructed that the bona fides of these transactions must be clearly established." The trial court did not err in giving this charge.

■ The tenth enumeration of error complains of an excerpt from the charge which directed the jury, if it found for the plaintiff, to find a general verdict, which had the effect of permitting the

plaintiff to recover, if it recovered at all, the full amount of the judgment previously obtained against the corporation. The thirteenth enumeration of error complains of a similar instruction, and the eleventh enumeration complains that the verdict was excessive.

The evidence showed without dispute the judgment obtained by the plaintiff against Maryfield Plantation, Inc., the transfer of the assets of "Maryfield" to the defendant, the insolvency of the corporation at such time, and in fact its insolvency for practically the entire time the corporation was in operation. Nor was it disputed that the funds of the defendant were used in the operation of the corporate business. The dispute arises in determining intent.

Prior to the defendant's taking a security deed from the corporation and later the title to all assets (except a deposit for electricity), the advances to the corporation were unsecured and there was no evidence other than testimony of intent which, if unbelieved, would have authorized the jury to find that the deed to secure debt and the later warranty deed were not for the purpose of obtaining a preference. The advances thereafter made, if made in good faith or not, were not sufficient to authorize any proration with the plaintiff, since both the plaintiff and defendant could be compensated in full from the sale price received by the defendant thereafter for the equity in the property.

Under the facts in the present case it is unnecessary to decide if the defendant would have been entitled to prorate the assets held by her where the plaintiff is the only judgment creditor of the corporation and she is holding the funds as a trustee ex maleficio and not as a creditor. As to her capacity as a trustee ex maleficio, see *Lamar v. Allison,* 101 Ga. 270, 276 (28 SE 686).

On the trial of the case both the defendant and her husband, the resident of Maryfield Plantation, Inc., testified that some of the holders of the "first mortgage" were asking for their money. One of the holders (partners) of the "first mortgage," who was also the manager of the farming operation of the Maryfield Plantation, Inc. (and the only one of the partners who held the "first mortgage" who testified) testified that no demand had been made for the payments due on such "first mortgage." Without considering if there was other evidence which would have authorized the jury to

conclude that the transfer of the corporate assets to the defendant was void, the above conflict as to the events which led up to the meeting of the board of directors which authorized such conveyances to the defendant was sufficient to authorize the jury to impeach the defendant's evidence and support the finding that the transfer was for the purpose of obtaining a preference for the defendant. *Code* §§ 38-1802, 38-1806.

The excerpts from the charge which authorized a general verdict for the plaintiff were not error and the remaining enumerations of error (not expressly abandoned) which raise the question of the sufficiency of the evidence to support the verdict show no reversible error. It was not error to overrule the defendant's motion for a judgment non obstante veredicto.

*Judgment affirmed. All the Justices concur.*