45432.   SEABOARD COAST LINE RAILROAD
COMPANY et al. v. WALLACE.

BELL, Chief Judge. This is a wrongful death action arising out of a collision at a public crossing in Homerville, Georgia, where plaintiff's son was killed. The jury returned a verdict for plaintiff.

1. The Supreme Court, in response to a question certified in this case by this court, held that the objection made to a portion of plaintiff's argument to the jury was waived by counsel for the defendants by his failure to comply with the requirements of *Code Ann.* § 81A-146 (a) of the Civil Practice Act. See *Seaboard C. L. R. Co. v. Wallace*, 227 Ga. 363.

2. Over objection on the grounds of irrelevancy, plaintiff was permitted to answer the question as to why she brought this suit and as to whether she had suffered a great loss in the death of her son. After answering the question as to why suit was instituted, defendants further objected that the witness stated a conclusion which was not relevant. This court and the Supreme Court have repeatedly held that an objection that a question is irrelevant or calls for a conclusion is a mere general objection and is insufficient to present anything for consideration on review. *Isley v. Little*, 219 Ga. 23, 28 (131 SE2d 623); *Greyhound Corp. v. Clough*, 211 Ga. 574 (87 SE2d 387); *Earl v. Edwards*, 117 Ga. App. 559 (4) (161 SE2d 438).

3. The jury was instructed that "the engineer is under a duty to operate his locomotive at a speed where he will have immediate and proper control thereof, and the violation of any lawfully passed ordinance referred to would be negligence as a matter of

law." Exception was made that this states an incorrect principle of law, as an engineer is not bound to keep his train under immediate control. Immediately following, the jury was further instructed that "one who operates a locomotive engine . . . at such speed that he cannot bring the same to a stop within the distance dictated by the voice of ordinary care does not have immediate or proper control of the conveyance." Defendants in support of their argument rely upon *Atlantic C. L. R. Co. v. Bradshaw,* 34 Ga. App. 360 (129 SE 304) and *Ga. Southern & F. R. Co. v. Haygood,* 103 Ga. App. 381 (119 SE2d 277). Neither is applicable. Those cases held that no law of this State imposed upon a railroad engineer the absolute duty to bring his locomotive to a stop when approaching a crossing to avoid injury to someone at the crossing. The charge here deals with the duty of proper control and speed of a locomotive, and speed was an issue in the case as there was evidence that the locomotive was being operated at a speed in excess of the city ordinance. The instruction that immediately followed the challenged portion is taken from our decision in *Ellis v. Southern R. Co.,* 96 Ga. App. 687 (101 SE2d 230) and states a correct principle of law. A comparison of the two shows that they are essentially the same and the latter instruction is a refinement of the earlier one. No error was committed.

4. The jury was charged on the last clear chance doctrine. Defendants excepted on the grounds that there is no evidence that the last clear chance doctrine has any application in this case. We have held that the last clear chance doctrine applies where a plaintiff who by the exercise of reasonable vigilance could have observed the danger created by defendant's negligence in time to have avoided harm therefrom, may recover, if, but only if the defendant (a) knew of the plaintiff's situation, and (b) realized or had reason to realize that the plaintiff was inattentive and therefore unlikely to discover his peril in time to avoid the harm, and (c) *thereafter* is negligent in failing to utilize with reasonable care and competence his then existing ability to avoid harming the plaintiff. *Bennett Drug Stores v. Mosely,* 67 Ga. App. 347. (20 SE2d 208); *Lovett v. Sandersville R. Co.,* 72 Ga. App. 692 (34 SE2d 664). The plaintiff's son in this case was

observed by witnesses approaching the crossing inattentively on a bicycle with his head down looking at the front wheel oblivious to the approach of the oncoming train. The defendant engineer testified that he saw the deceased at a point 100 feet distant up the track and about 25 or 30 feet away from the nearest rail and the deceased continued "pedaling" and did not look up toward the train; that because of the continued approach of the deceased, the engineer concluded a collision was inevitable and applied the emergency brakes when he was about 75 feet from the crossing. It is clear therefore that there is evidence of two elements of last clear chance as the engineer knew of the deceased's situation and that he realized the deceased was inattentive and unlikely to discover his peril in time to avoid injury. Defendants argue that there is no evidence that *after* discovery of the perilous situation of the deceased, the engineer was negligent in failing to exercise ordinary care to avoid injuring the plaintiff, the third element of last clear chance. It is contended that the evidence of the engineer that he applied the emergency brakes upon seeing that the deceased was not conscious of the oncoming train and that a collision was inevitable, shows that he acted with reasonable care and competence to avoid striking the plaintiff's son. Be that as it may, one of defendant's own witnesses, an eyewitness, who was standing near the scene of the collision, testified that when he first heard the sound of the locomotive horn the deceased was already on the railroad track. Plaintiff also testified that in a conversation with the engineer after the fatal incident, the engineer stated "He said he . . . he'd hit the brakes . . . he knew he hit the brakes . . . and he . . . acted like he was in doubt if he blew the whistle. But, he said, if he blew the whistle it was when he seen the boy . . . wouldn't get across the track." The sounding of the locomotive horn at a time prior to impact is a step that a reasonable person would have taken to avoid injury to an inattentive person about to cross a track in the face of an approaching train. This evidence of failure to sound the horn at this critical time is sufficient to authorize a jury to find a failure to utilize reasonable care to avoid injury to the person in the perilous situation. According-

ly, the evidence authorized the instruction.

5. The verdict for $50,000 was not excessive as a matter of law.

Judgment affirmed. Quillian and Whitman, JJ., concur.
ARGUED JULY 6, 1970—DECIDED MARCH 19, 1971.

E. Kontz Bennett, Jr., Larry E. Pedrick, Ben T. Willoughby, for appellants.

Jack J. Helms, Brooks E. Blitch, III, for appellee.