51929. DELTA AIR LINES, INC. v. GARMON.

PANNELL, Presiding Judge.

Wiley Garmon brought an action to recover $250,000 from the defendant for personal injuries, medical expenses, and past and future loss of income. He alleged that he suffered severe and permanent injuries as the result of the negligent conduct of the defendant. During the course of the litigation, Mr. Garmon died and his wife was substituted as party plaintiff as administratrix of his estate. Upon the trial of the case, the jury returned a

verdict in favor of the plaintiff in the amount of $100,000. The defendant appeals the judgment entered in favor of the plaintiff, and the court's denial of its motion for new trial and motion for judgment notwithstanding the verdict.

The evidence shows that on November 25, 1970, Mr. Wiley Garmon was working on top of a scaffold installing a sprinkler system in the ceiling overhead. The scaffold was 5 feet wide, 7 feet long, and 13 feet high. It was located in the middle of a passageway in the center of a curve in a non-passenger area used by airline and other authorized motor vehicles at the Atlanta Airport. The passageway was 40 to 42 feet wide. A four foot wide Delta Air Lines tug towing a baggage cart to a departing aircraft drove through the passageway. As it entered the curve, it struck the scaffold upon which Mr. Garmon was working. Mr. Garmon fell from the scaffold to the pavement, sustaining personal injuries.

The driver of the Delta tug testified that he had made four earlier trips through the passageway during the morning of the accident. On each of these earlier trips, he testified that the area was illuminated; the scaffold was located on one side of the street or the other; and there were workmen in the area. On his fifth trip, the driver was operating the tug between 8 and 10 miles per hour. He said that the area was completely dark. However, there was testimony from others in the area that the passageway was illuminated by overhead droplights as well as some reflection of natural light from outside. There was also testimony that the driver of the tug was wearing sunglasses at the time of the collision and did not turn on his tug lights. The driver testified that he would have seen the scaffold if the overhead lights had been on and that he would have been able to stop in plenty of time. He further stated that if he had turned on his headlights, he would have been able to see what was in front of him. The driver traveled approximately 100 to 115 feet in darkness before striking scaffolding. *Held:*

1. Appellant urges error in the court's failure to charge the jury that negligence is predicated on what should have been anticipated rather than on what happened. Appellant filed a written request to charge the

above principle of law; he objected to the court's failure to give the charge on the ground that it was a correct statement of law and was adjusted to the evidence. We agree that the request to charge was an accurate statement of the law. See *Misenhamer v. Pharr,* 99 Ga. App. 163 (107 SE2d 875). However, we do not believe that the court's failure to give the charge constituted reversible error in the present case.

Appellant argues that the evidence presented a question of fact as to whether he should have anticipated that the scaffold would be in the center of the passageway and that the passageway would not be lighted. However, even if the jury found that these *specific facts* were not anticipated by the defendant, this would not have relieved him of his duty to exercise ordinary diligence while driving through a "dark" passageway where he knew men to be working. The trial court properly instructed the jury on the general principles of negligence which were applicable to the present case. He committed no error in failing to give the charge of which appellant complains. ·

2. Appellant urges error in the trial court's failure to charge on the decedent's duty to exercise ordinary care, contributory negligence, comparative negligence, and avoidance. "Questions of negligence, contributory negligence, cause and proximate cause, whose negligence, and what negligence, including lack of care for one's own safety and lack of ordinary care in avoiding the consquences of another's negligence, are, except in plain, palpable and indisputable cases, solely for jury determination." *Worn v. Sea-Cold Services, Inc.,* 135 Ga. App. 256 (217 SE2d 425). However, "[i]t is not error to fail to charge the jury on comparative negligence or the plaintiff's failure to avoid the consequences of defendants' negligence, as these issues were not supported by any evidence." *Earl v. Edwards,* 117 Ga. App. 559 (161 SE2d 438).

The evidence showed that Mr. Garmon was an experienced sprinkler fitter and job foreman with approximately 25 years experience. He had been working on the airport job for approximately 10 days. Appellant contends that this evidence would have authorized the jury to find that Mr. Garmon was aware that the

passageway in which the movable scaffold was placed was a heavily traveled passageway. Appellant argues that the jury could have found decedent contributorily negligent in mounting a 15' high scaffold with no warning flashers, barricades, etc., or without having someone give a warning to approaching motor vehicle traffic.

Assuming that the jury would have been authorized to find the above facts from the evidence presented, this would not have authorized a finding that the decedent's action proximately contributed to his injuries. The driver of the tug testified that he would have been able to see the scaffold and avoid the collision if the lights in the passageway had been on. "[W]arnings of conditions which are or should be obvious are not required." *Rich's, Inc. v. Waters,* 129 Ga. App. 305 (199 SE2d 623). There was conflicting testimony as to whether the lights were out at the time of the collision. However, there was no evidence that the lights had ever gone out previously or that the deceased should have anticipated their failure and thus provided warning flashers. Negligence is predicated on what should have been anticipated rather than on what happened. *Misenhamer v. Pharr,* 99 Ga. App. 163, supra. Further, the driver testified that he could have seen the scaffolding if he had turned on the lights of his tug.

We find that there was no evidence of any breach of the decedent's duty to exercise ordinary care for his own safety. There was no evidence which would have authorized a finding that the deceased had a duty to place flashers or other warning devices on the scaffold. Further, even if the jury could have found that the deceased was negligent in some manner, there was no evidence which would have authorized a finding that his negligence proximately contributed to his injuries. The trial court did not err in failing to charge on contributory or comparative negligence or on the plaintiff's duty to exercise ordinary care for his own safety.

Further, there was no evidence to show that the deceased could have reacted to avoid the collision or that he was even aware of the impending collision before it actually occurred. Accordingly, the court did not err in failing to charge on the avoidance doctrine as that defense was not supported by the evidence. See *Earl v. Edwards,*

117 Ga. App. 559 (1), supra.

3. The trial court stated in its charge to the jury the following: "I charge you that should you find in this case that the defendant's agent, Mr. Wise, was temporarily blinded or for some reason, including poor lighting conditions, was unable to observe the way in front of him, such facts do not relieve him of the duty to use proper care to observe the roadway or passageway ahead, but, rather, requires that such person exercise greater caution in that respect." Appellant contends that the court erred in charging the jury that the defendant's driver had a duty to exercise "greater caution" under the circumstances since it is for the jury to apply the standard of ordinary care to the facts and issues of each particular case.

"The standard of ordinary and reasonable care is invariable, such care being that of every prudent man . . . But the care of a prudent man varies according to the circumstances, dependent upon the degree of danger. . . [I]t is for the jury to determine from all the facts and circumstances the precautions necessary to meet the standard of ordinary care. It is for the jury to determine whether specific stated circumstances require the exercise of additional care and prudence, and it is error for the trial judge to instruct the jury that under certain stated circumstances, greater care and prudence is required in order to meet the standard set by the law." *Wright v. Dilbeck,* 122 Ga. App. 214, 228 (176 SE2d 715). See also *Hieber v. Watt,* 119 Ga. App. 5, 11 (165 SE2d 899). It follows that the above charge was error and requires the grant of a new trial.

4. Appellant urges error in the court's failure to charge the doctrine of sudden emergency. "In an action for negligence, it is necessary, in order to render the emergency doctrine applicable, that the one confronted with a sudden emergency have available to him a choice of alternative courses of action by which to meet the emergency plus sufficient time and opportunity to take some action to avoid the injury . . . The doctrine of emergency 'refers only to those acts, either of the plaintiff or the defendant, which occur immediately following the realization of the peril or crisis and before there is time for mature reflection.' [Cits]." *Ware v. Alston,* 112 Ga. App.

627, 630 (145 SE2d 721). The trial court committed no error in failing to charge on sudden emergency since this doctrine was not involved under the facts of this case.

5. Appellant's remaining enumerations of error concern the court's admitting various medical bills into evidence without a showing that these bills were for the treatment of injuries sustained in this incident. This case is being remanded for a new trial on other grounds. It is not necessary to pass on these remaining enumerations of error since they are not likely to reoccur upon retrial of the case.

*Judgment reversed. Marshall, J., concurs. McMurray, J., concurs in the judgment only.*

Argued March 1, 1976 — Decided May 19, 1976 — Rehearings denied June 24, 1976 —

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Daryll Love,* for appellant.

*Cullens, Neely, Freeman & Hawkins, J. R. Cullens, Paul M. Hawkins, William Q. Bird,* for appellee.

On Motion for Rehearing.

Appellant Delta Air Lines, Inc., moves for a rehearing on Division 2 of our opinion. We affirm our decision that the evidence presented at trial did not authorize a charge on the decedent's duty to exercise ordinary care, contributory negligence, comparative negligence, and avoidance. However, we should point out that our decision in Division 2 was based on the evidence presented in the original trial of the case. This case is being remanded for retrial. We cannot now decide whether the evidence upon a retrial of the case will authorize charges on the decedent's duty to exercise ordinary care, contributory negligence, comparative negligence, and avoidance.

Appellee Garmon, administratrix, moves for a rehearing on Division 3 of our opinion. In that division, we reversed the case and granted Delta a new trial based on an erroneous charge to the jury. Garmon urges this court to reconsider whether or not the charge was harmful in

light of the evidence and the charge as a whole. We affirm our original holding. The erroneous charge invaded the province of the jury concerning a central issue in the case — Delta's duty to exercise ordinary care under certain stated circumstances. Delta was entitled to a jury determination regarding the standard of ordinary care applicable under the circumstances. Because Delta's standard of ordinary care related directly to its ultimate liability to Garmon, this particular charge could not be determined to have been harmless. Accordingly, the erroneous charge requires the grant of a new trial.