## 53525. STEINER et al. v. MELVIN.

SMITH, Judge.

Mr. and Mrs. Steiner, the appellants, brought a wrongful death action against Melvin following a traffic accident in which the appellants' son was fatally injured. This appeal from the judgment entered on the jury verdict in the appellee's favor contends that irrelevant evidence was admitted and that various portions of the charge were erroneous. We find no error and affirm.

The accident occurred in Fulton County on a notorious segment of Powers Ferry Road. Traffic crossing a narrow, one-lane, 500 foot bridge spanning the

Chattahoochee River is controlled by traffic lights on each end which are programmed to allow traffic from one direction, and then the other, to cross alternately. The decedent was traveling eastbound by motorcycle as he approached the bridge. Testimony admitted over objection showed that he stopped at the traffic light, which was red, but he ran it before it turned green and entered the bridge, accelerating to about 50 miles per hour. Other evidence showed that he reached the other side and traveled two hundred feet further before colliding with the appellee's vehicle which was turning left, from the west-bound lane, into the motorcycle's path.

1. The evidence that the decedent had disobeyed the red light on the bridge some 750 feet from the impact was admissible. This evidence was relevant as it was very closely connected by time and distance to the accident, and therefore bore directly on whether the decedent was exercising ordinary care for his own safety at the time and place of the accident. But in any event, where the relevancy of evidence is doubtful it should be admitted and its weight left to the determination of the jury. *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784).

2. The trial judge properly charged the provisions of § 34 (Ga. L. 1953, pp. 556, 569; Code Ann. § 68-1612) and § 48 (Ga. L. 1953, pp. 556, 577; Code Ann. § 68-1626 (c)) of the 1952 Highway Traffic Act. Although since repealed, each section was in effect at the time of the trial.

(a) Section 45 (Code Ann. § 68-1612) prohibited the disobedience of an official traffic control device. As the evidence of the violation of the traffic light was admissible (see Division 1 above), the charge of this provision was adjusted to the evidence.

(b) Section 48 (Code Ann. § 68-1626 (c)) required a driver of a vehicle to drive at a reduced speed when traveling on a narrow or winding roadway, and when special hazards exist with respect to other traffic or by reason of highway conditions. Thus, this statutory provision was also adjusted to the evidence as it was shown that the bridge over which the decedent traveled immediately preceding the accident was very narrow and very old in appearance and with wooden decking as shown by photographs.

With regard to each of these sections, the judge properly instructed the jury that if it found any violation of these statutory provisions by plaintiff's decedent, it must then consider and determine whether the violation was the proximate cause of the collision.

3. The court did not err in refusing to charge the jury on the doctrine of last clear chance. On the trial of the case there was no evidence that the appellee had any opportunity to take evasive action after he became aware of the impending collision. "The last clear chance doctrine simply has no application unless the defendant knew of the plaintiff's perilous situation and had opportunity to take proper evasive action to avoid injuring him. It does not apply to a 'should know' or 'should have known' situation." *Conner v. Mangum,* 132 Ga. App. 100, 106 (6) (207 SE2d 604). See also *Seaboard C. L. R. Co. v. Wallace,* 123 Ga. App. 490, 491 (181 SE2d 542). There is no error in failing to charge a principle which is not applicable to the evidence adduced on the trial of the case. *McLarty v. Emhart Corp.,* 227 Ga. 104, 107 (4) (179 SE2d 46).

4. The appellants contend the court erred in charging the following language: "I charge you that one who is himself rightfully using the roadway or street has a right to the use thereof which is superior to that of one who is violating traffic regulations, and in the absence of knowledge, such a person is not required to anticipate that some other user will unexpectedly violate the law or rule of the road and create a situation of danger." There was no error in giving this charge which is a correct statement of the law (*Russell v. Corley,* 212 Ga. 121, 122 (2) (91 SE2d 24)) and could be applied to the evidence presented by either party.

5. The appellants contend that the trial court has a responsibility upon request to instruct the jury with respect to the contentions of the parties. The general rule is that if the judge clearly and fairly gives to the jury the law applicable to the issues involved, his failure formally to state the contentions as shown by the pleadings will not be cause for a new trial. *Central of Ga. R. Co. v. McKinney,* 118 Ga. 535 (1) (45 SE 430); *Garmon v. Delta Air Lines,* 139 Ga. App. 152, 155 (2) (227 SE2d 821). Here, the pleadings

were read to the jury, and the court fully charged on the contentions of negligence as therein made which were supported by the evidence and the law. To have charged, as requested, that the appellee was required to stop prior to making a left turn would have been more favorable to the appellants and would have resulted in an argumentative charge. There is no merit in this complaint.

*Judgment affirmed. Bell, C. J., Deen, P. J., Quillian, P. J., Webb, Marshall, Shulman and Banke, JJ., concur. McMurray, J., dissents.*

ARGUED FEBRUARY 28, 1977 — DECIDED JULY 14, 1977 — REHEARING DENIED JULY 29, 1977 —

*Freeman & Hawkins, Paul M. Hawkins, William Q. Bird,* for appellants.

*Dennis, Corry, Webb, Carlock & Williams, Thomas S. Carlock, Wade K. Copeland,* for appellee.

McMURRAY, Judge, dissenting.

This wrongful death action arose when plaintiffs' decedent was killed while riding his motorcycle east on Powers Ferry Road in Fulton County and collided with an automobile driven by defendant. Several hundred feet west of the scene of the collision Powers Ferry Road crosses the Chattahoochee River by way of a narrow, one-lane bridge. Access to the bridge is controlled by traffic lights at each end of the bridge which allow traffic in only one direction to be upon the bridge at any one time. The traffic light at the west end of the bridge, which controls access to the bridge by eastbound motorists, was more than 750 feet from the scene of the collision. Testimony was allowed in evidence over objection that plaintiffs' decedent was stopped at the west end traffic light but ran it before it turned green. He then accelerated to approximately 50 miles per hour upon the bridge and before he passed from the sight of the witnesses.

The collision occurred when defendant, who had been driving west on Powers Ferry Road, attempted to turn left

into a private drive leading to a restaurant parking lot approximately 200 feet from the east end of the bridge.

The majority hold that the lower court did not err in allowing evidence and in charging on negligence per se, that is, that plaintiffs' decedent had disobeyed the traffic signal on the opposite side of a bridge some 750 feet from the point of impact on Powers Ferry Road at an intersection with a private drive leading to a restaurant parking lot. It is noted that this drive is located approximately 200 feet from the east end of the bridge, and that this witness lost sight of the motorcyclist, but she later saw where the collision occurred.

I cannot agree that the violation of the traffic signal light should have been allowed in evidence or a charge as to negligence per se as a result thereof was authorized.

In determining whether the violation of a statute is negligence per se as to a specific individual it is necessary to examine the purpose of the statute and decide (1) whether the injured person falls within the class of persons the statute was intended to protect; and (2) whether the harm complained of was the harm the statute was intended to guard against. *Rhodes v. Baker,* 116 Ga. App. 157, 169 (2b) (156 SE2d 545).

Code Ann. § 68-1612 (Ga. L. 1953, Nov. Sess., pp. 556, 569, in effect at the time of the collision in the case sub judice, although repealed by Ga. L. 1974, pp. 633, 645, effective July 1, 1974, (see new Code Ann. § 68A-201)) prohibits the disobedience of the instructions of any official traffic-control device unless otherwise directed by a police officer. The purpose of this statute is to expedite the flow of traffic and avoid collisions by controlling the flow of traffic within the area regulated by the traffic signal. The individuals protected by this statute are those motorists and pedestrians traveling within the area where the flow of traffic is controlled by a traffic signal. There was no evidence that the defendant in this case was within the area controlled by the traffic signal, nor was there any evidence that he was entering or leaving such an area.

The purpose of Code Ann. § 68-1626 (c) (Ga. L. 1953, Nov. Sess., pp. 556, 577, as amended, in effect at the time of the collision in the case sub judice, repealed by Ga. L. 1975,

pp. 1582, 1588 (see new Code Ann. Ch. 68A-8)) is to prevent collisions upon roadways where special hazards exist by requiring the motorists on those roadways to reduce their speed so much as is necessary to provide for the safety of all users. The individuals protected by this statute are the motorists upon such a roadway who would be endangered by the higher probability of collision if their fellow motorists are not required to reduce their speed. The statute also protects pedestrians and others using the area immediately adjacent to the roadways who might be endangered by collisions upon the roadway or loss of control of a vehicle thereon. There is no evidence that the roadway at or near the site of the accident was narrow, winding or that any other special hazard existed. There was considerable evidence that the bridge was approximately 200 feet away. The collision did not occur on the bridge.

Defendant in this case does not fall within the class of persons for the protection of whom these statutes were enacted. Therefore in my opinion the trial court erred in charging the language of these statutes to the jury.

The court also erred in allowing into evidence over objection the irrelevant testimony that plaintiff had run a red light shortly before the time of the collision. The traffic lights were installed on each end of the bridge for the purpose of expediting the flow of traffic and avoiding collisions by controlling the flow of traffic within the area on the bridge regulated by the traffic signals. The running of the red light was irrelevant and inadmissible inasmuch as no proximate causal connection with the collision occurring more than 750 feet away was shown by the evidence. See such cases as *Tiller v. Ga. Power Co.,* 68 Ga. App. 224 (22 SE2d 623); *Fielding v. Driggers,* 126 Ga. App. 365, 366 (1) (190 SE2d 601); *Gulf Oil Corp. v. Stanfield,* 213 Ga. 436, 437 (99 SE2d 209).

I therefore dissent.