## 61794. PADILLA et al. v. SPECTORMAN.

SHULMAN, Presiding Judge.

Plaintiff brought suit against defendants to recover actual and punitive damages arising out of an alleged assault upon the plaintiff committed by individual defendant - Salvatore Padilla. Plaintiff and a companion went to defendant Salvatore's Restaurant on the night of the incident. They were seated by defendant Padilla and placed an order for soup and espresso coffee. The soup and coffee were served, but plaintiff was dissatisfied with the soup, complaining that it was cold. Defendant Padilla refused to heat the soup, telling plaintiff that "if you don't like it you can leave." When the plaintiff and his companion attempted to leave, defendant Padilla blocked the door

and demanded payment for the espresso. The plaintiff responded that the defendant should call the police if he insisted on payment, whereupon the defendant hit plaintiff in the face. As a result of the blow, plaintiff contends he suffered bruises and pain for several weeks. The jury awarded plaintiff $100 in actual damages and $4,500 punitive damages. We affirm the judgment of the trial court entered in accordance with the jury's verdict and award.

1. Defendants enumerate as error the trial court's refusal to instruct two of defendants' requests to charge. We find no error.

Defendant requested that the court charge the jury that "a person is justified in using such force as is reasonably necessary to protect his property against aggression . . ." Since there was no evidence that defendants' actions were the result of his attempt to protect his property, this charge was not applicable to facts in evidence. The court's refusal to charge the request was therefore proper. *Steiner v. Melvin,* 143 Ga. App. 97 (3) (237 SE2d 635).

The other charge concerned the use of opprobrious or abusive language as justification or provocation for a simple assault. Again, inasmuch as this request was not pertinent to facts in evidence (there was no evidence that plaintiff used abusive language), the trial court correctly declined to give the requested charge.

2. We also reject defendant's contention that the jury's award was illegal. Contrary to defendant's contentions, the jury was authorized to find actual damages in the amount rendered, as well as punitive damages. See Code Ann. Ch. 105-20. See *Westview Cemetery v. Blanchard,* 234 Ga. 540 (B) (216 SE2d 776).

*Judgment affirmed. Birdsong and Pope, JJ., concur. Sognier, J., disqualified.*

Decided June 5, 1981 —
Rehearing denied June 19, 1981.

*John D. Varnell,* for appellants.
*Martin H. Rubin,* for appellee.